Michele Ellen Scalpi
128 Hilltop Drive
West Haven, Connecticut

# The United States District Court

# Southern District of New York

Michele Ellen Scalpi

**Plaintiff**

**vs**

East Fishkill Police Department
Police Officer Tina (last name unknown) Badge # 36
Lieutenant on duty 3/17 2pm-5pm (name/badge unknown)
2468 Rt 52 Hopewell Junction, NY
    &amp;
Dutchess County District Attorney's Office
Dutchess County DA William Grady
Dutchess County ADA Melissa Knapp Pasquale
236 Main St. Poughkeepsie, NY
    &amp;
Fredrick D. Romig
330 Rt376 Hopewell Junction, NY
    &amp;
COUNTY OF DUTCHESS
22 Market Street Poughkeepsie, New York
    &amp;
NEW YORK STATE DEPARTMENT OF MOTOR VEHICLE
224-260 S. Pearl Street Albany, NY
    &amp;
Orange County Jail
110 Wells Farm Road Goshen, New York
    &amp;
NEW YORK STATE TROOPERS
1220 Washington Ave Building 22 Albany, New York
    &amp;
STATE OF NEW YORK
The Capitol Building Albany, NY

**Defendants**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**14 CV 2126**

CASE NO. _____

JUDGE: _____
JUDGE KARAS

*COMPLAINT FOR DAMAGES CIVIL
RIGHTS VILOATIONS*
*Court Opinion Constitutional Question*

Redress of Grievances
BY JURY Requested
Herein

## *INTRODUCTION & OPENING STATEMEMT*

This is an action brought by Plaintiff; beneficiary to the United States Constitution against TOWN OF EAST FISHKILL, COUNTY OF DUTCHESS, NEW YORK STATE DEPARTMENT OF MOTOR VEHICLE, NEW YORK STATE TROOPERS, STATE OF NEW YORK and agents thereof acting under the Color of Law. Petition for civil rights violations involving wrongful and/or false arrest, fraud upon the court, criminal conspiracy, wrongful detention, brutality, unreasonable search and seizure, depravation of necessities while in custody, deprivation of rights.

*"Then a constitution should receive a literal interpretation in favor of the citizen, is especially true, with respect to those provisions which were designed to safe guard the liberty and security of the citizen in regard to person and property." Bary v. United Sates.*

At all times relevant herein the Defendants, including Town/State/County Officials and certain agents acting under the color of Law and outside the scope of their jurisdiction and authority, willfully caused Plaintiff damage and harm; physical, emotional and mental harm, and in so doing, violated clearly established law, as those laws apply to Plaintiff's rights protected under the Constitution, particularly under the 1st, 4th, 5th, 6th or 8th, 11th and 14th Amendments.

Be it known, each ·of the state/county/town officials herein have sworn an "oath of office" in regards to their duties and therefore each of their acts under "color" of state law is in direct violation of their oath of office and equates to CRIMINAL CONSPIRACY under section 1985. Defendant Judge Fredrick Romig's actions are tantamount to nothing less than CRIMINAL TREASON against the united States Constitution and the People of the united States. Romig

acted without Jurisdictional Authority to proceed, without an enactment clause, clarified in the court documentation, Romig acted in a personal capacity severing Romig from immunity, Romig acted on his own behalf and volition to apply invalid statutes upon an individual not obligated to obey. Romig ignored his Oath of Office and preceded to "punish and torture" Scalpi with no valid cause to do so.

## I.    JURISDICTION and VEUEN

1.    Plaintiff brings this action pursuant to sections 1983, 1985, 1986, and 1988, and invokes the jurisdiction of this court pursuant to Title 1 28 USC Section 1343 (A) (3) (4), Section 1331, and pursuant to the 14th Amendment, Title 42 USC Section. 1983, and the Civil Rights Act of 1870. At all times relevant, all of the causes of action were committed within the geographical jurisdiction of this court.

## II. PARTIES

2.    Plaintiff, **Michele Ellen Scalpi,** herein after "Scalpi", at all times relevant herein, lives in West Haven; in the territory known as Connecticut State. Scalpi a natural domicile of New York State since Sept 6th 1973 now resides in Connecticut State territory.

3.    Defendant Police Officer **Tina (last name unknown),** Badge # 36, herein after "badge #36", at all times relevant to this complaint, was acting as a Town employed, compensated, enriched , and rewarded Town of East Fishkill Police Officer in New York

State. Badge #36 is being sued individually, personally and in her official capacity.

4. Defendant **Lieutenant on duty March 17th (2pm-5pm) 2014 name unknown, Badge N/A**, herein after "Lieutenant East Fishkill", at all times relevant to this complaint, was acting as a Town employed, compensated, enriched , and rewarded Town of East Fishkill Police Lieutenant in New York State. Lieutenant East Fishkill is being sued individually, personally and in his official capacity.

5. Defendant, DUTCHESS COUNTY DISTRICT ATTORNEY OFFICE, herein after "DC DA" at all times relevant to this complaint, was, and is, a corporation of the STATE OF NEW YORK, responsible for compensating, enriching, rewarding, and making policy for District Attorneys, giving orders to Police and suggesting penalty to the judicial system in Dutchess County New York. DC DA is being sued as a person.

6. Defendant District Attorney **William Grady**, herein after "Grady", at all times relevant to this complaint, was acting as a duly elected County official and was employed, compensated, enriched , and rewarded performing his duties as a District Attorney for the County of Dutchess in New York State. Grady is being sued individually, personally and in his official capacity.

7. Defendant Assistant District Attorney **Melissa Knapp Pasquale**, herein after "Pasquale", at all times relevant to this complaint, was acting as a County employed,

compensated, enriched , and rewarded Assistant District Attorney for the County of Dutchess in New York State. Pasquale is being sued individually, personally and in her official capacity.

8.    Defendant Honorable **Fredrick Romig**, herein after "Romig", at all times relevant to this complaint, was acting as a duly elected Town official and was employed, compensated, enriched , and rewarded performing his duties as a Judicial Justice for the Town of East Fishkill in New York State. Romig is being sued individually, personally and in his official capacity.

9.    Defendant **COUNTY OF DUTCHESS**, herein after "DUTCHESS", at ALL times relevant to this complaint, was, and is, a municipal corporation of the STATE OF NEW YORK, responsible for compensating, enriching, rewarding, and making policy for Police Officers & the District Attorney's Office. DUTCHESS is being sued as a person.

10.   Defendant **NEW YORK STATE DEPARTMENT OF MOTOR VEHICLE**, herein after "NYS DMV", at all times relevant to this complaint, was, and is, a corporation of the STATE OF NEW YORK, responsible for making policy for Police Officers and reporting data on commercial motorists in New York State territory. NYS DMV is being sued as a person.

11.   Defendant **ORANGE COUNTY JAIL**, here after "OCJ", at all times relevant in this complaint, was, and is, a corporation of COUNTY OF ORANGE; STATE OF NEW YORK, responsible for compensating, enriching, rewarding, and making policy for Correctional Officers and "inmates" of Orange County New York. OCJ is being sued as a person.

12.   Defendant **NEW YORK STATE TROOPERS,** herein after "NYS TROOPERS", at all times relevant in this complaint, was, and is, a corporation of the STATE OF NEW YORK,

responsible for compensating, enriching, rewarding, and making policy for State

Troopers in New York. NYS TROOPERS is being sued as a person.

13.    Defendant **STATE OF NEW YORK**, herein after "NYS", at all times relevant to this

complaint, was, and is, a corporation in New York State territory, responsible for

compensating, enriching and rewarding, training and making policy for New York State

Troopers; District Attorney's Office; and Judicial conduct. NYS is being sued as a

person.


## III. FACTS

Comes now, Michele Ellen Scalpi, your affiant, being competent to testify and being over the age of 21 years of age, after first being duly sworn according to law to tell the truth of the facts related herein states that he has firsthand knowledge of the facts stated herein and believes these facts to be true to the best of her knowledge;


14. Your Affiant was pulled over in 1994 by a Dutchess County Sheriff, harassed, threatened and detained for an unreasonable amount of time.

15. Your Affiant reported the incident to the Dutchess County Sheriff's Office the following day.

16. Your Affiant's complaint was disposed of by the Dutchess County Sheriff's Office.

17. Your Affiant was approached by the FBI (Agent Jack Schmoot) of White Plains in regard to the complaint as several other women had come forward.

18. Your Affiant reluctantly agreed to testify in exchange for protection against harassment from Police in Dutchess County NY.

19. Your Affiant was severely harassed, had residence broke into and vandalized before, during and after testifying against the Dutchess County Sheriff (Todd Cronk).

20.   Your Affiant was excessively stalked and ticketed by police while traveling in an automobile and at times NOT traveling at all, tickets were received at your Affiant's place of business in front of several witnesses (1994-1998).

21.   Your Affiant confirms the Dutchess County District Attorney's Office in which brought charges against the Sheriff was well aware of all harassment. (court records from trial reflect these facts)

22.   Your Affiant confirms the Dutchess County District Attorney's Office is knowingly using the data from the harassment against your Affiant in the case before East Fishkill for Title V Sec. 511 AUO charges.

23.   Your Affiant was pulled over February of 2011.

24.   Your Affiant was charged with Title V Sec. 511 of the NYS V&T Codes and Statutes.

25.   Your Affiant requested to remain Sui Juris and the court granted this action.

26.   Your Affiant requested discovery from the Dutchess County Assistant DA Pasquale.

27.   Your Affiant requested the enactment clause for Title V Sec. 511 of the NYS V&T Codes and Statutes.

28.   Your Affiant was ignored in response from the Dutchess County Assistant DA Pasquale.

29.   Your Affiant responded to the court and DC DA with case law and another request for the enactment clause validating Title V Sec. 511 of the NYS V&T Codes and Statutes.

30.   Your Affiant also requested a contract between your Affiant and the NYS DMV.

31.   Your Affiant put on court record the NYS DMV definitions of Revocation and Suspension.

32.   Your Affiant proved on court record the NYS DMV abstract was invalid and misinterpreted by the Police and DC DA as NYS DMV clearly defines Title V Sec 511 refers to the "class of license shown."

33.   Your Affiant does not and has never obtained, applied or passed any test to obtain a NYS DMV commercial driver's license.

34.   Your Affiant presented the court with a NYS DMV abstract confirming your Affiant has never contracted a license through NYS DMV.

35. Your Affiant received notice via mail from "trial" Judge McAliney stating "trial was cancelled" after the DC DA could not produce documentation validating the law to be authentic granting the court subject matter jurisdiction.

36. Your Affiant was contacted months later by Judge Romig of the Town of East Fishkill Justice scheduling a trial.

37. Your Affiant responded accordingly and no other communication was made by the court.

38. Your Affiant was never provided any decision from the court nor communication validating the section of law from the DC DA nor the court.

39. Your Affiant sent in a change of address to the Town of East Fishkill Court.

40. Your Affiant was never again contacted from the DC DA or the East Fishkill Court.

41. Your Affiant was traveling to Rensselaerville, NY on March 17th 2014.

42. Your Affiant was pulled over in Columbia County, NY at approximately 2:15pm.

43. Your Affiant was arrested on a warrant from the Town of East Fishkill, NY signed by Judge Romig.

44. Your Affiant was transported to an unknown location off the Taconic State Parkway to be turned over to East Fishkill Police Officer; Badge #36.

45. Your Affiant was searched by Badge #36 before transport continued.

46. Your Affiant felt uncomfortable as Badge #36 was rough and excessive in searching my breasts and upper thigh areas.

47. Your Affiant felt pain as Badge #36 ran her hand up my leg and hit my gentile area with force, hitting her knuckle (thumb) against my vaginal area making my under garments ride up inside me.

48. Your Affiant was transported to the Town of East Fishkill Police Department.

49. Your Affiant was not Mirandized at any point of time by Columbia County Police, East Fishkill Police nor the NYS Troopers.

50. Your Affiant requested to use the bathroom facilities at the Police Department.

51. Your Affiant was denied use of the facilities "because the bathroom light was blown out."

52. Your Affiant pleaded to use the facilities again.

53. Your Affiant was granted permission reluctantly from Badge #36

54. Your Affiant was told to stand straight while cuffs were to be removed.

55. Your Affiant complied and was non resistant.

56. Your Affiant was told to place right arm on top of head.

57. Your Affiant complied in pain as your Affiant cuffed behind the back for a long period of time and shoulders were locked/frozen.

58. Your Affiant moved slowly and tilted head to right side to place hand on head as instructed by Badge #36.

59. Your Affiant was told to stand up straight.

60. Your Affiant complied to the best abilities.

61. Your Affiant spoke up in pain as Badge #36 twisted left hand with force to remove cuffs.

62. Your Affiant bended knees and stated "you are going to break my arm."

63. Your Affiant was then in extreme pain as Badge #36 twisted and forced arm to side and quickly pushed up causing extreme shooting pain in the left shoulder.

64. Your Affiant was told to hold the position.

65. Your Affiant complied in pain.

66. Your Affiant was lead to a small bathroom and told to use while door was open and other male officers could clearly see in.

67. Your Affiant stated "those guys will see me go to the bathroom"

68. Your Affiant was told by Badge #36 "I am standing here no one will see you and don't flush the toilet."

69. Your Affiant used facilities and noticed evidence of menstrual cycle happening.

70. Your Affiant requested a sanitary napkin from Badge #36.

71. Your Affiant was denied a sanitary napkin and told by Badge #36 "I am not equipped with those things."

72. Your Affiant again requested a sanitary napkin and was told by Badge #36 "I don't have anything you will have to ball up toilet paper and put it in your pants."

73. Your Affiant responded stating that is unsanitary and it is your job to provide necessities while in custody.

74. Your Affiant was still denied sanitary necessities and balled up toilet paper as demanded by Badge #36.

75. Your Affiant then requested a glass of water and explained to Badge #36 I haven't had anything to drink except 1/2 of a coffee earlier that day.

76. Your Affiant was denied water.

77. Your Affiant requested water several times complaining of dizziness and dehydration.

78. Your Affiant was denied each and every time.

79. Your Affiant was without water or sanitary needs for several hours in custody.

80. Your Affiant was released into the custody of the New York State Troopers, with a bench ticket to appear on March 19th @ 4pm.

81. Your Affiant requested water one last time before leaving East Fishkill and was provided a 4oz Dixie cup half full and told that was all I was getting by Badge #36.

82. Your Affiant was transported by the NYS Troopers to the Newburgh-Beacon Bridge.

83. Your Affiant was then released to another NYS Trooper at the toll both portion of the Newburgh-Beacon Bridge.

84. Your Affiant was then transported to Montgomery NYS Trooper Barracks.

85. Your Affiant was told there was another warrant from the Town of Newburgh Court for Title V Sec. 511 of the NYS V&T Codes and Statutes.

86. Your Affiant requested water and something to eat and explained I have been without water of food since the day before and felt dizzy and disorientated.

87. Your Affiant was denied water and food.

88. Your Affiant requested use of the bathroom facilities and a sanitary napkin, and explained I had toilet paper stuck to my gentiles because East Fishkill Police would not provide a sanitary napkin.

89.  Your Affiant was denied again any sanitary necessity.

90.  Your Affiant was searched again.

91.  Your Affiant was stripped of a marital ring and sacred spiritual necklace.

92.  Your Affiant was transported to the Town of Newburgh Court.

93.  Your Affiant was granted bail of $400.00.

94.  Your Affiant had family in court with bail in hand.

95.  Your Affiant was denied the right to pay bail at the courthouse and was sent to Orange County Jail to post bail.

96.  Your Affiant's family went to OCJ to post bail immediately.

97.  Your Affiant was transported to OCJ by NYS Trooper.

98.  Your Affiant sat in NYS Trooper patrol car for an unknown amount of time in the garage area of OCJ awaiting to enter.

99.  Your Affiant was lead into the OCJ facility around 7:45pm.

100.  Your Affiant requested water, use of bathroom facility and complained of dizziness upon entering the OCJ facility.

101.  Your Affiant was denied water and use of bathroom.

102.  Your Affiant made several requests to use the bathroom and explained I had toilet paper in my pants all day as I was denied sanitary needs from all police, I was experiencing extreme burning.

103.  Your Affiant was denied.

104.  Your Affiant was told to stand still in the OCJ facility.

105.  Your Affiant explained I cannot stand still I have to go to the bathroom to relieve myself, I had pain from holding it for hours.

106.  Your Affiant was granted permission to use bathroom.

107.  Your Affiant was in pain and had burning sensation in gentile area, your Affiant cleaned area to the best ability but had paper stuck to the skin in and around the vaginal area.

108.  Your Affiant pleaded to several officers for sanitary napkin and explained the pain.

109.  Your Affiant was denied several times.

110.  Your Affiant asked a female CO for sanitary napkin and explained what happened.

111.  Your Affiant was granted a sanitary napkin by the female CO and was stripped down naked for search and placed into a OCJ jump suit.

112.  Your Affiant sat in a deplorable holding cell with no toilet paper, while family was there with bail in hand for hours with no food, water or medical care for my gentile area, dizziness or hurt shoulder.

113.  Your Affiant was processed at midnight and coerced by threat of further incarceration to sign paperwork stating "I did not  have strip search" among other papers.

114.  Your Affiant was offered a phone call at 11:45pm and released after midnight on March 18th 2014.

115.  Your Affiant was visibly ill when leaving the OCJ facility.

116.  Your Affiant returned home to West Haven CT at 2am.

117.  Your Affiant soaked in a tub to relieve the pain in the gentile area.

118.  Your Affiant woke up the next morning in excruciating burning pain in the gentile area.

119.  Your Affiant soaked several times on March 18th 2014 to try to alleviate the pain.

120.  Your Affiant called for a ride to the hospital March 18th 2014.

121.  Your Affiant was seen at Milford Hospital in Milford CT for Vaginal pain, shoulder pain and dehydration.

122.  Your Affiant endured painful exam by on call doctor.

123.  Your Affiant was treated, diagnosed and released with Vaginal infection, dehydrated and put in a sling until I could get to primary physician.

124.  Your Affiant called primary physician to make appointment for shoulder injury - Appointment made for Thursday March 20th 2:30pm.

125.  Your Affiant could not sleep due to pain on March 18th.

126.  Your Affiant called primary physician who was closed and was told to go to the ER for testing and relief of pain.

127. Your Affiant neglected health to appear in East Fishkill on the bench ticket dated March 19th 2014.

128. Your Affiant drove from West Haven CT to East Fishkill NY and arrived early at 3:10pm accompanied by a friend Michelle Nelson.

129. Your Affiant explained to the East Fishkill Court Clerk that your Affiant was in extreme pain and suffering an infection, feeling dizzy clammy and feverish and was instructed to go to the ER for treatment.

130. Your Affiant was told by the Court Clerk she would hand my file to the judge to be seen immediately so I could leave to go to the hospital.

131. Your Affiant was instructed by the court clerk to sit in the lobby.

132. Your Affiant waited approximately 30 minutes in pain, in the lobby as instructed.

133. Your Affiant was approached by the bailiff and instructed to follow up with the court clerk.

134. Your Affiant followed up with the court clerk; was scolded and told that the judge had my file and would call me when he was ready, to return to the lobby and wait.

135. Your Affiant waited in the lobby as instructed for approximately 30 minutes more.

136. Your Affiant confirms 3 different bailiff's/police officers informed the judge I needed to go to the hospital and was waiting a simple arraignment.

137. Your Affiant was called into the court room and instructed to have a seat to wait for the judge to be called on.

138. Your Affiant waited in visible extreme pain in the court room for 20-30 minutes.

139. Your Affiant's friend Michelle Nelson whispered "are you ok? you need to go to the hospital."

140. Your Affiant replied in a whisper "I feel like I am going to pass out."

141. Your Affiant and Michelle Nelson were screamed at by the judge for talking in the court room.

142. Your Affiant sat in extreme pain leaning to the side with head in hand in tears.

143. Your Affiant confirms Michelle Nelson readjusted herself in her chair and took a deep breath.

144.  Your Affiant witnessed Judge Romig yelled out to the bailiff's "get that woman out of my court room."

145.  Your Affiant followed Michelle Nelson out of the court room.

146.  Your Affiant was stopped by a police officer in the court room and told I did not have to go.

147.  Your Affiant told the officer "I cannot sit in here any longer I am going to pass out."

148.  Your Affiant went an waited in Lobby.

149.  Your Affiant was approached by officer and told the judge was going to call on me so I could leave for the hospital.

151.  Your Affiant complained to bailiff in lobby that "you are going to have to peel me off the floor I am ready to pass out from the pain."

151.  Your Affiant waited 10 more minutes, your Affiant was experiencing nausea and tunnel vision at approximately 5:25pm your Affiant left to go to the hospital.

152.  Your Affiant threw up on the way to the hospital, arrived at the hospital and was seen by hospital staff, had X-rays taken, and was made comfortable until I could see my primary physician the following day.

153.  Your Affiant was released with papers in hand diagnosing a sprain/tear in shoulder.

154.  Your Affiant saw the primary physician March 20th 2014 at 2:30pm.

155.  Your Affiant was seen, giving medications diagnosed with very elevated blood pressure and sent to an Orthopedic Specialist.

156.  Your Affiant went to Orthopedic Specialist and was taken right in on March 20th 2014.

157.  Your Affiant saw 2 Orthopedic Specialist that day, was put through a series of painful exams and had X-rays taken again.

158.  Your Affiant was diagnosed with a tear or possible fracture in shoulder.

159.  Your Affiant was recommended physical therapy in one week after swelling subsided, an appointment for an MRI and a follow up with the Specialist after MRI.

160.  Your Affiant was prescribed medications to be made comfortable.

161.  Your Affiant suffers pain, constant headache, anxiety and sleepless nights.

162.  Your Affiant still has not been presented an enactment clause to validate the law East Fishkill Court is pursuing your Affiant with.

163.  Your Affiant is being pursued by Romig and the East Fishkill Police under false charges and color of law.

164.  Your Affiant has surrendered the birth certificate to the Postmaster General of the United Sates with proof of life in accordance with the Cestui Que Vie Act of 1666. reference # **RE 171632309 US**

165.  Your Affiant is no longer presumed a fiction, corporation, dead or commercial entity.

166.  Your Affiant has proven live life and comes before this court as a living breathing woman, domicile.

167.  Your Affiant being born and cultured in America is a living beneficiary to the United States Constitution.

168.  Your Affiant has endured over 2 decades of continual harassment and defamation by corporations named herein, specifically NYS DMV, NYS Troopers, DC DA.

169.  Your Affiant has notified NYS and NYS DMV of the defamation and harassment by certified mail on several occasions without response or help or stopping such defamation and harassment.

170.  Your Affiant has gone above and beyond her duties to show respect for the court while the court obsessively takes authority and jurisdiction it does not have and then put your affiants health at risk.

171.  Your Affiant has made clear, in presentment to the court, the police, and the DC DA the countless supreme court case law interpreting the "right to travel freely" being a fundamental right.

### FEDERAL CAUSES OF ACTION

172.  All allegations set forth in paragraphs 1 through 171 incorporated herein by reference.

## As and for a First Cause of Action

173.   Upon information and belief the Defendant; Town, County, State, agents being sued as a "person" maintains a pattern and practice of depriving Liberty and Life, and causing damage without a valid law. probable cause or proper foundation as secured by the Constitution, as demonstrated by the constant and ongoing deprivation of Scalpi's rights.

## As and for a Second Cause of Action

174.   Upon information and belief, the Defendant Town; County; State failed and/or neglected to properly train and supervise its employees, and especially its police officers; municipal judges; District Attorney's with respect to individual rights as protected by the Constitution as made evident by the several severe abuse(s) and damage(s) sustained by Scalpi.

## As and for a Third Cause of Action

175.  At all-times relevant, all defendants, especially Badge #36; Lieutenant East Fishkill, Pasquale, Romig, New York State Troopers, OCJ Correctional Officers, were acting within the scope of their presumed duties as employees being enriched and compensated of Defendant TOWN OF EAST FISHKILL POLICE DEPARTMENT, DUTCHESS COUNTY, ORANGE COUNTY JAIL and NEW YORK STATE when depriving Scalpi of her rights , liberty, and freedom from unprovoked harassment, unlawful arrest, denial of necessities such as water/food/sanitary, feminine needs/medical attention endangering to Scalpi's health and well being; little if any due process in regard to an invalid law and other violations of clearly established laws protected by the 1st,4th, 6th, 5th, 8th, 11th and 14th amendments.

176. Dutchess County; Town of East Fishkill Officials AND agents ALL refuse to produce documentation to confirm authenticity of any law violated constituting an arrest, warrant, trial or charges ; DUTCHESS COUNTY AND NEW YORK STATE clearly tolerate, train and promote incompetence, arrogance and ignorance from their agents.

177. Scalpi questioned the enactment clause and supreme court certification both in discovery and again after the District Attorney failed to produce this necessary documentation to give the court subject matter jurisdiction and authenticate the statute as valid.

178. Judge McAliney cancelled trial when the enactment clause was not produced by the District Attorney's Office; Nor any contract obligating Scalpi to participate in a civil or criminal trial. Romig took it upon himself to change venue, proceed with the intent to force trial without subject matter jurisdiction established or standing in the court to proceed. There stood no valid cause of action or accusatory instrument as the NYS DMV abstract was tainted and fraudulent information was detailed on the report known by the Dutchess County District Attorney's Office.

179. Defendants DUTCHESS COUNTY; ORANGE COUNTY JAIL; NEW YORK STATE TROOPERS; STATE OF NEW YORK; EAST FISHKILL POLICE DEPARTMENT is liable under the Doctrine of *Respondent Superior* for the acts of their employees committed within the scope of their employee duties, but outside the scope of their discretion in a long train of abuses which is a custom, policy, or practice to Violate clearly established law.

180.   Defendant DUTCHESS COUNTY; STATE OF NEW YORK is liable for the forced

imprisonment without regard to the 14th amendment, due process; blatant, malicious and

vindictive acts by Romig and Pasquale; forcing Scalpi by threat to be tried under false charges

with no Constitutional Authority attached to Title V Sec. 511 and forced to be arrested and

imprisoned subjected to embarrassment; harassment; humiliation; loss of health; ridicule;

bodily damage; oppression; deprivation of rights; deprivation of water food and sanitary needs;

all of which grossly have impaired Scalpi mentally, emotionally, financially and robbed Scalpi of

her life as a whole beyond basic freedoms into torture and means to "break" Scalpi into

submission to consent to false charges and endure financial loss and imprisonment.

## As and for Forth Cause of Action

181.   Defendant DUTCHESS COUNTY; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF
MOTOR VEHICLES has obsessively and continuously reported misinformation without Scalpi's
consent on an "abstract." Police, courts and District Attorneys have used this abstract against
Scalpi as a tool to unlawfully detain, arrest, charge and imprison Scalpi. Scalpi has never
obtained, consented to, tested for or applied for any commercial driving "privilege." Scalpi has
never given up her "right to travel" for a "privilege to drive."
* Mudook v. Penn. 319 US 105: (1943)
*"The state may not impose a charge for the enjoyment of a right granted by the Federal
Constitution and that a fiat license tax here involves restraints in advance the constitutional
liberties of Press and religion and inevitably tends to suppress their existence. That the
ordinance is non-discriminatory and that it applies also to peddlers of wares and merchandise is
immaterial. The liberties granted by the first amendment are and in a preferred position. Since
the privilege in question is granted by the Federal Constitution and exists independently of the
states authority, the inquiry as to whether the state has given something for which it cannot*

return, is irrelevant. <u>No state may convert any secured liberty into a privilege and issue a license and fee for it</u>".

***Shuttlesworth v. Birmingham Al. 373 US 262: (1962)***
***"<u>If the state does convert your right into a privilege and issue a license and a fee for it, you can ignore the license and a fee and engage the right with impunity.</u>"***

The prosecution intends to use the DMV Abstract which clearly states ID ONLY and proves no valid class of license was ever issued. This fraud introduced to the court as a valid means of an accusatory instrument is "sham legal process" and knowingly using false information to present to a jury that is fictional and lacks evidence to be factual. Further the prosecution has failed to produce any contract signed by the defendant; if this is NOT a matter of law;(no enactment clause exists) it MUST be a matter of contract. Clearly challenged on court record verbally and in writing, the statute is found to be invalid without the enacting clause and NYS Supreme Court Certification in place.

As per DMV Explanation of License Status on "Record Summary line" p.3 NYS DMV abstract description,
definitions as follows;

> **Revoked:  Driving Privilege is withdrawn for class of license shown.**
> **Suspended:  Driving Privilege is temporarily withdrawn for class of license shown.**

There is NO "Class of License" shown on the Abstract of Scalpi, whereas clearly printed ID ONLY appears. Hence there can be no license suspension or revocation, the "license is nonexistent. This alleged status appears under fraud and misinformation.

As per DMV Explanation of License Status on "Record Summary line" p.4 NYS DMV abstract description; <u>*"NOTE: If a motorist has only a non-driver identification card, the Record Summary Line will read ID ONLY."*</u>
Scalpi's <u>*Record Summary Line*</u> does in fact read ID ONLY, whereas this confirms Scalpi has NO license and has never contracted nor possessed a license to suspend nor revoke.

## As and for Fifth Cause of Action

182.  NYS DMV, NYS, DC DA, Romig, NYS Troopers and Badge #36 have all misinterpreted the difference between an individual traveling in a personal capacity and a corporation contracted to operate under statute. Scalpi is not and has never consented to be a "corporate person" nor has Scalpi made any effort to imply intention to gain commercial status while traveling the roadways. These agents have acted of  their own volition, without judicial authority, standing or just cause. The DC DA and Pasquale submitted and pursued false charges knowingly absent an enactment clause. These individuals schooled in law should know the protocol between enacted and un-enacted law being contracted verses not being contracted and the difference thereof. These agents acted against their Oath of Office and no immunity should be inherited, as these individuals acted outside of their boundaries they are sworn to uphold. Romig sworn to uphold the constitution especially the New York State Constitution ignored Article III Section 13 as if it did not exist. Romig was presented with evidence the enactment clause was nonexistent and still pursued Scalpi conspiring with his "personal" police force to apprehend and detain Scalpi against her will with no valid cause to do so. Romig knowingly signed a warrant for false charges giving illegal orders to the East Fishkill Police endangering their careers as well. Badge #36 aside from not following basic human rights in providing sanitary needs and water followed illegal orders to detain an individual on false charges.  The excuse is not valid for the common man to be ignorant of the law and these agents should be a step above the education of the common man. The Nazi troops were held accountable for following illegal orders. Ignorance of the law shall be no excuse.

When the State allows the formation of a corporation it may control its creation by establishing guidelines (**statutes**) for its operation (charters). Corporations who use the roads in the course of business do not use the roads in the ordinary course of life. There is a difference between a corporation and an individual.

The United States Supreme Court has stated:

"...We are of the opinion that there is a clear distinction in this particular between an individual and a corporation, and that the latter has no right to refuse to submit its books and papers for examination on the suit of the State. The individual may stand upon his Constitutional Rights as a Citizen. He is entitled to carry on his private business in his own way. His power to contract is unlimited. He owes no duty to the State or to his neighbors to divulge his business, or to open his doors to investigation, so far as it may tend to incriminate him. He owes no such duty to the State, since he receives nothing there from, beyond the protection of his life, liberty, and property. His Rights are such as the law of the land long antecedent to the organization of the state, and can only be taken from him by due process of law, and in accordance with the Constitution. Among his Rights are the refusal to incriminate himself, and the immunity of himself and his property from arrest or seizure except under warrant of law. He owes nothing to the public so long as he does not trespass upon their rights."

"Upon the other hand, the corporation is a creature of the state. It is presumed to be incorporated for the benefit of the public. It receives certain special privileges and franchises, and holds them subject to the laws of the state and the limitations of its charter. Its rights to act as a corporation are only preserved to it so long as it obeys the laws of its creation. There is a reserved right in the legislature to investigate its contracts and find out whether it has exceeded its powers. It would be a strange anomaly to hold that the State, having chartered a corporation to make use of certain franchises, could not in exercise of its sovereignty inquire how those franchises had been employed, and whether they had been abused, and demand the production of corporate books and papers for that purpose."

Hale v. Hinkle 201 US 4374-75

"The former is the usual and ordinary right of the Citizen, a common right to all, while the latter is special, unusual, and extraordinary."

"This distinction, elementary and fundamental in character, is recognized by all the authorities."

State vs. City of Spokane, supra

## As and for Sixth Cause of Action

183. Corporations engaged in mercantile equity fall under the purview of the State's admiralty jurisdiction, and the public at large must be protected from their activities, as they (the corporations) are engaged in business for profit.

"...Based upon the fundamental ground that the sovereign state has the plenary control of the streets and highways in the exercise of its police power (see police power, infra.), may absolutely prohibit the use of the streets as a place for the prosecution of a private business for gain. They all recognize the fundamental distinction between the ordinary Right of the Citizen to use the streets in the usual way and the use of the streets as a place of business or a main instrumentality of business for private gain. The former is a common Right, the latter is an extraordinary use. As to the former, the legislative power is confined to regulation, as to the latter, it is plenary and extends even to absolute prohibition. Since the use of the streets by a common carrier in the prosecution of its business as such is not a right but a mere license of privilege."
Hadfield vs. Lundin, 98 Wash 516

## As and for Seventh Cause of Action

184. It is a long standing opinion of the higher courts the right to travel freely is a fundamental right, the purpose of a license is for commercial use **only**.

*"The use of the highways for the purpose of travel and transportation is not a mere privilege, but a common and fundamental Right of which the public and the individual cannot be rightfully deprived."*
*Chicago Motor Coach vs. Chicago, 169 NE 22?1;*
*Ligare vs. Chicago, 28 NE 934;*
*Boon vs. Clark, 214 SSW 607;*
*25 Am.Jur. (1st) Highways Sect.163*
*"The Right of the Citizen to travel upon the public highways and to transport his property thereon, either by horse drawn carriage or by automobile, is not a mere privilege which a city can prohibit or permit at will, but a common Right which he has under the right to life, liberty,*

*and the pursuit of happiness."*
*Thompson vs. Smith, 154 SE 579*

*"the right of the Citizen to travel upon the highway and to transport his property thereon in the ordinary course of life and business, differs radically and obviously from that of one who makes the highway his place of business and uses it for private gain in the running of a stagecoach or omnibus. The former is the usual and ordinary right of the Citizen, a right common to all, while the latter is special, unusual, and extraordinary."*
*Ex Parte Dickey, (Dickey vs. Davis), 85 SE 781*

## As and for Eighth Cause of Action

184.  The distinction is made very clear in Title 18 USC 31:

"Motor vehicle" means every description or other contrivance propelled or drawn by mechanical power and **used for commercial purposes** on the highways in the transportation of passengers, or passengers and property.

"*Used for commercial purposes*" means the carriage of persons or property for any fare, fee, rate, charge or other considerations, or directly or indirectly in connection with any business, or other undertaking intended for profit.

The NYS DEPARTMENT OF MOTOR VEHICLE is clearly a corporate entity monitoring the operation of motor vehicles, not private people traveling in their personal individual capacity. NYS DMV has no right or contract to defame Scalpi with public misinformation, portraying the violations of statutes and codes of their corporate operation. Scalpi is not and has never traveled in a commercial capacity, Scalpi is not or has never been "licensed" by NYS DMV.

By NYS DMV own definition in their online manual defines revocation and suspension to refer to "class of license shown." Scalpi's abstract has no "class of license" to refer the revocation and/or suspension to. The data reported on the abstract has done nothing but cause confusion and false assumption with agents of NYS executive and judicial branches alike. This "false data" referring to a commercial status, never established has caused uncountable arrests, convictions, fines, attorneys fees, detention, loss of work, oppression and deprivation. This false

data has damaged Scalpi's career/goals and deprived Scalpi of life, liberty and happiness for over two decades.

NYS DMV orchestrated the torture, kidnapping, false imprisonment and criminal conspiracy against Scalpi with false data reporting.

## As and for Ninth Cause of Action

185. The ongoing abuse has been promoted and conspired by DUTCHESS COUNTY and all agents therein. Ignorance of the law and fraud upon the court has plagued Scalpi's life in whole. The stress from fear of detention has caused blood pressure issues, anxiety and financial devastation. The DC DA charged Scalpi and used data from the abstract knowing the data was false. (*reference; 1. constant harassment on court record in 1997 while DC DA prosecuted Sheriff for harassment of Scalpi and several other women  2. numerous police reports with the NYS Troopers in 1997 of break-ins while trial was in motion 3. FBI file on Scalpi confirms all harassment by Dutchess County Agents and the promise to help repair DMV status*).

## As and for Tenth Cause of Action

186. The East Fishkill Court and Romig  ignored judicial duty to set aside prejudices and comply with law. Romig and the East Fishkill Court has been ignoring all facts and higher court opinion presented before its court. Romig disgraced and dishonored his oath of office by issuing a warrant on false charges causing a false arrest. Romig continued to victimize Scalpi, causing Scalpi to endure extreme pain for no reason whatsoever on March 20th 2014 knowing Scalpi was seeking medical attention as soon  as she was seen by the court.

It is the duty of the court to recognize the substance of things and not the mere form.

*"The courts are not bound by mere form, nor are they to be misled by mere pretenses. They are at liberty -- indeed they are under a solemn duty -- to look at the substance of things, whenever they enter upon the inquiry whether the legislature has transcended the limits of its authority. If, therefore, a statute purported to have been enacted to protect ... the public safety, has no real*

*or substantial relation to those objects or is a palpable invasion of Rights secured by the fundamental law, it is the duty of the courts to so adjudge, and thereby give effect to the Constitution."*

*Mulger vs. Kansas, 123 US 623, 661*

*"It is the duty of the courts to be watchful for the Constitutional rights of the citizen and against any stealthy encroachments thereon."*

*Boyd vs. United States, 116 US 616*

The courts are *duty bound* to recognize and stop the *stealthy encroachments* which have been made upon the Individual's Right to travel and to use the roads to transport his property in the "*ordinary course of life and business.*" (*Hadfield, supra.*)

## As and for Eleventh Cause of Action

187. NYS Troopers, OCJ, Badge #36 withheld food, water, medical attention and sanitary needs for over 10 hours in their custody. Causing illness, deprivation, extreme dehydration, pain, humiliation and oppression. These officers duly under Oath to protect the people and the Constitution failed miserably in their obligations and responsibility. In essence tortured Scalpi in excess of 10 hours, and humiliated Scalpi with, excessive force, searches and strip searches with NO valid law nor contract to do so. These agents of "policy enforcement" handcuffed Scalpi behind the back causing 8 hours of extreme pain and suffering. Their ability to understand law and act accordingly was nonexistent. They caused medical altercations and provided no care. They risked Scalpi's health by deprivation of water, food and medical treatment.

The confusion of the police power with the power of taxation usually arises in cases where the police power has affixed a penalty to a certain act, or where it requires licenses to be obtained and a certain sum be paid for certain occupations. The power used in the instant case cannot, however, be the power of taxation since an attempt to levy a tax upon a Right would be open to Constitutional objection. (See "taxing power," infra.)

*Each law relating to the use of police power must ask three questions:*

1. *"Is there threatened danger?*

2. *Does a regulation involve a Constitutional Right?*

3. *Is this regulation reasonable?"*

*People vs. Smith, 108 Am.St.Rep. 715;*

*Bovier's Law Dictionary, 1914 ed., under "Police Power"*

When applying these three questions to the statute in question, some very important issues emerge.

First, "*is there a threatened danger*" in the individual using his automobile on the public highways, in the ordinary course of life and business?

The answer is no and documented as follows:

*"The automobile is not inherently dangerous."*

*Cohens vs. Meadow, 89 SE 876;*
*Blair vs. Broadmore, 93 SE 532*

To deprive all persons of the Right to use the road in the ordinary course of life and business,

because one might, in the future, become dangerous, would be a deprivation not only of the

Right to travel, but also the Right to due process. (See "*Due Process*," infra.)

Second, *Does the regulation involve a Constitutional Right?*

This question has already been addressed and answered in this complaint, and need not be reinforced other than to remind this Court that this Citizen/beneficiary does have the Right to travel upon the public highway by automobile in the ordinary course of life and business. It can therefore be concluded that this regulation does involve a Constitutional Right.

Third and most important in this case. "*Is this regulation reasonable?*"

The answer is NO

It will be shown later in "*Regulation*," infra., that this licensing statute is oppressive and could be effectively administered by less oppressive means.

Although the Fourteenth Amendment does not interfere with the proper exercise of the police power, in accordance with the general principle that the power must be exercised so as not to invade unreasonably the rights guaranteed by the United States Constitution, it is established beyond question that every state power, including the police power, is limited by the Fourteenth Amendment (and others) and by the inhibitions there imposed.

Moreover, the ultimate test of the propriety of police power regulations must be found in the Fourteenth Amendment, since it operates to limit the field of the police power to the extent of preventing the enforcement of statutes in denial of Rights that the Amendment protects. *(See Parks vs. State, 64 NE 682.)*

*"With regard particularly to the U.S. Constitution, it is elementary that a Right secured or protected by that document cannot be <u>overthrown or impaired by any state police authority</u>."*
<u>Connolly vs. Union Sewer Pipe Co., 184 US 540;</u>
<u>Lafarier vs. Grand Trunk R.R. Co., 24 A. 848;</u>
<u>O'Neil vs. Providence Amusement Co., 108 A. 887</u>

*"The police power of the state must be exercised in subordination to the provisions of the U.S. Constitution."*
<u>Bacahanan vs. Wanley, 245 US 60;</u>
<u>Panhandle Eastern Pipeline Co. vs. State Highway Commission, 294 US 613</u>

*"It is well settled that the Constitutional Rights protected from invasion by the police power, include Rights safeguarded both by express and implied prohibitions in the Constitutions."*
<u>Tiche vs. Osborne, 131 A. 60</u>

*"As a rule, fundamental limitations of regulations under the police power are found in the spirit of the Constitutions, not in the letter, although they are just as efficient as if expressed in the*

clearest language."

_Mehlos vs. Milwaukee_, 146 NW 882

As it applies in the instant case, the language of the Fifth Amendment is clear:

_"No person shall be ... deprived of Life, Liberty, or Property without due process of law."_

As has been shown, the courts at all levels have firmly established an absolute Right to travel.
In the instant case, the state, by applying commercial statutes to all entities, natural and
artificial persons alike, has deprived this free and natural woman of the Right of Liberty,
without cause and without **due process of law.**

"The essential elements of due process of law are ... Notice and The Opportunity to defend."
Simon vs. Craft, 182 US 427

This :individual has never been given notice of the loss of her Right, let alone signing the license
(contract). Nor was this :Individual given any opportunity to defend against the loss of her right
to travel, by automobile, on the highways, in the ordinary course of life and business. This
amounts to an arbitrary deprivation of Liberty.

"There should be no arbitrary deprivation of Life or Liberty ..."

Barbour vs. Connolly, 113 US 27, 31;

Yick Wo vs. Hopkins, 118 US 356

"The right to travel is part of the Liberty of which a citizen cannot deprived without due process
of law under the Fifth Amendment. This Right was emerging as early as the Magna Carta."

_Kent vs. Dulles, 357 US 116 (1958)_

The focal point of this question of police power and due process must balance upon the point
of making the public highways a safe place for the public to travel. If an individual travels in a



manner that creates actual damage, an action would lie (civilly) for recovery of damages. The state could then also proceed against the individual to deprive him /her of the Right to use the public highways, for cause. This process would fulfill the due process requirements of the Fifth Amendment while at the same time insuring that Rights guaranteed by the U.S. Constitution and the state constitutions would be protected.

Until harm or damage (a crime) is committed, there is no cause for interference in the private affairs or actions of an :Individual. There is no damaged party, or witness of any crime or damage.

*"Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them."*
*Miranda vs. Arizona, 384 US 436, 491*

A Citizen cannot be forced to give up his/her Rights in the name of regulation.

*"... the only limitations found restricting the right of the state to condition the use of the public highways as a means of vehicular transportation for compensation are (1) that the state must not exact of those it permits to use the highways for hauling for gain that they surrender any of their inherent U.S. Constitutional Rights as a condition precedent to obtaining permission for such use ..."*
*Riley vs. Laeson, 142 So. 619;*
*Stephenson vs. Binford, supra.*

*If one cannot be placed in a position of being forced to surrender Rights in order to exercise a privilege, how much more must this maxim of law, then, apply when one is simply exercising (putting into use) a Right?*
*Hoke vs. Henderson, 15 NC 15*

*"We find it intolerable that one Constitutional Right should have to be surrendered in order to assert another."*

<u>Simons vs. United States</u>, 390 US 389

Thus the legislature does not have the power to abrogate the Individual's Right to travel upon the public roads, by passing legislation forcing the individual to waive the Right and convert that Right into a privilege. Furthermore, we have previously established that this "*privilege*" has been defined as applying only to those who are "*conducting business in the streets*" or "*operating for-hire vehicles.*"

## As and for Twelfth Cause of Action

188. DUTCHESS COUNTY, STATE OF NEW YORK, ORANGE COUNTY JAIL are liable for improper training, licensing these men and women to abuse the public at will with no sense of compassion or liability. These agents acted under NYS color of law in regard to commercial and corporate charters, unable to know the difference between corporation and individuals. These corporate entities failed to train their agents properly from the executive branch to the judicial branch and hold liability in allowing the NYS DMV to defame Scalpi, a private :individual domiciled on the territory known as New York. State. State, County, Town and agents thereof conspired to defame, kidnap, torture and incarcerate Scalpi with NO valid cause of action before the East Fishkill Court OR any other court.

\*\*Enacting Clause is required by Article III Sec 13 of the NYS Constitution. Scalpi challenged the law to be certified by the NYS Supreme Court. If the law is absent the enacting clause and the Constitutional Certification, it has no force and effect. This question is the very foundation of the courts subject matter jurisdiction; and where there is no subject matter jurisdiction; there is no case to be heard because there is no statute for this court to adjudicate.

> *If a criminal statute is unconstitutional, the court lacks subject-matter jurisdiction and cannot proceed to try case. 22 C.J.S. "Criminal Law," 157, p. 189, citing*

*People v Katrinak, 185 Cal.Rptr. 869,  136 Cal.App.3d 145 (1982)*

*Where the offense charged does not exist, the court lacks jurisdiction. State v. Cristenses, 329 N.W. 2D 382, 383,  110 Wis.2d 538 (1983).*

*If these sections are unconstitutional, the law is void and an offense created by them is not a crime and a conviction under them cannot be a legal cause of imprisonment, for no court can acquire jurisdiction to try a person for act  which are made criminal only by an unconstitutional law.  Kelly v Meyers, 263 Pac 903, 905 (Ore. (1928).*

*The purpose of thus prescribing an enacting clause--"the style of the acts"--is to establish it: to give it permanence, uniformity, and certainty: <u>to identify the act of legislation as of the general assembly:</u>  to <u>afford evidence of its legislative statutory nature:</u>  and to secure uniformity of identification, and thus prevent inadvertence, possibly mistake and fraud.  State v. Patterson, 4 S.E. 350, 352, 98 N.C. 660 (1887); 82 C.J.S.  "Statutes,"  Section 65, p. 104; Joiner v. State, 155 S.E.2d 8, 10, 223 Ga. 367 (1967)*

*What is the object of the style of a bill or enacting clause anyway?  To <u>show the authority</u> by which the bill is enacted into law;  to show that the act comes from a place pointed out by the Constitution as the <u>source of legislation.</u>  Ferrill v. Keel, 1151 X.W. 269, 272, 105 Ark. 380 (1912).*

*The enacting clause is that portion of a statute which gives it jurisdictional identity and constitutional authenticity.  Joiner v. State 155 S.E. 2D 8, 10 (Ga. 1967).*

The failure of a law to display on its face an enacting clause deprives it of essential legality, and renders a statute which omits such clause as "*a nullity and of no force of law.*" *Joiner* v. *State,* supra. The statute(s) cited in the charges have no jurisdictional identity and are not authentic laws under the Constitution of New York or the United States Constitution .

> *The Court of Appeals of Kentucky held that the constitutional provision requiring* *an enacting clause is a basic concept which has a direct affect upon the validity of* *a law.* *The Court, in dealing with a law that had contained no enacting clause,* *stated:*
>
> *The alleged act or law in question is <u>unnamed:</u>  it shows <u>no sign of authority:</u> it* *carries with it <u>no evidence</u> that the General Assembly or any other lawmaking* *power is responsible or answerable for it.\*\*\*By an enacting clause, the makers* *of the Constitution intended that the General Assembly should make its impress* *or seal, as it were, upon each enactment for the sake of identity, and to assume* *and show responsibility.  \* \* \* While the Constitution makes this a necessity,* *it did not originate it.  The custom is in use practically everywhere, and is old* *as parliamentary government, as old king's decrees, and even they borrowed it.* *The decrees of Cyrus, King of Persia, which Holy Writ records, were not the first* *to be prefaced with a <u>statement of authority</u>.  The law was delivered to Moses in* *the name of the Great I Am, and the prologue to the Great Commandments is no* *less majestic and impelling.  But, whether these edicts and commands be* *promulgated by the Supreme Ruler or by petty kings, or by the sovereign people* *themselves, they have always begun with some such form <u>as a evidence of power</u>* *<u>and authority.</u>  Commonwealth v. Illinois Cent. R. Co., 170 S.W. 171, 172, 175,* *160 Ky. 745 (1914).*

<u>The "Laws" used against Scalpi are unnamed.</u>  They show no authority on their face as recorded in the "New York Statutes."  They carry with them no evidence that the Legislature of New York

, pursuant to the Constitution of New York, is responsible for these laws.  Without an enacting clause the laws referenced to in the complaints have no official evidence that they are from an authority which the individual is **subject to or required to obey**.

*The use of an enacting clause does not merely serve as a "flag" under which*
*bills run the course through the legislative machinery.  Vaughn & ragsdale Co. v.*
*State Bd. Of Eq., 96 P2d. 420, 424 (Mont. 1939).*

*The enacting clause of a law goes to its substance, and is not merely procedural.*
*Morgan v. Murray, 328 P.2d 644, 654 (Mont. 1958).*

Any purported statute which has no enacting clause on its face, is not legally binding and obligatory upon the people, as it is not constitutionally a law at all.

*The Supreme Court of Michigan, in citing numerous authorities, said that "an*
*enacting clause was a requisite to a valid law since the enacting provision was*
*mandatory: The enacting clause must be intrinsic to the law, and not "extrinsic" to it, that*
*is, it cannot be hidden away in other records or books.  Thus the enacting clause*
*is regarded as part of the law, and has to appear directly with the law, on its face,*
*so that one charged with said law knows the authority by which it exists."*

## As and for Thirteenth Cause of Action

189. NYS DMV: License; It seems only proper to define the word "*license*," as the definition of this word will be extremely important in understanding the statutes as they are properly applied:

*"The permission, by competent authority to do an act which without permission, would be*
*illegal, a trespass, or a tort."*
<u>*People vs. Henderson*</u>*, 218 NW.2d 2, 4*

*"Leave to do a thing which licensor could prevent."*

*Western Electric Co. vs. Pacent Reproducer Corp., 42 F.2d 116, 118*

In order for these two definitions to apply in this case, the state would have to take up the position that the exercise of a Constitutional Right to use the public roads in the ordinary course of life and business is illegal, a trespass, or a tort, which the state could then regulate or prevent.

This position, however, would raise a magnitude of Constitutional questions as this position would be diametrically opposed to fundamental Constitutional Law. *(See "Conversion of a Right to a Crime," infra.)*

In the instant case, the proper definition of a "*license*" is:

*"a permit, granted by an appropriate governmental body, generally for consideration, to a person, firm, or corporation, to pursue some occupation or to carry on some business which is subject to regulation under the police power."*
*Rosenblatt vs. California State Board of Pharmacy, 158 P.2d 199, 203*

Scalpi never carried out business while in travel or was "granted" a permit/license to do so. Scalpi was not to be "regulated" by police power while in individual personal capacity.

## *Closing Comments*

I; Michele Ellen Scalpi; in fear for my safety and life; Dutchess County Officials have knowingly pursued Scalpi with false charges, unlawful warrants. I fear for my safety and health as Police, Courts and the DA's office are adamantly and maliciously trying to take my freedom under color of law. I have never contracted with NYS DMV nor intend to in the future. The charges filed in

the TOWN OF EAST FISHKILL COURT shows no authority on its face for me to react, no proof it was ever run through the legislative process and passed lawfully. the purported law has no certification it is a law at all. Title V Sec. 511 of the Vehicle & Traffic Statutes is a commercially contracted statute, and the purpose of such statutes are for the application to those operating motor vehicles in a commercial "for profit" manner. I have never traveled in a commercial manner, my travel is to ONLY transport my daughter to school and activities, grocery shopping, to see family and friends etc. Pursuant to the New York State Constitution to which I am beneficiary of requires an enactment clause in Article III Sec. 13, The higher courts opinion on enactment clauses state clearly if a purported law has no enactment clause attached, it is not a law at all and has no force and effect and the people do not have to obey it.

The higher courts have made it clear the right to travel in a personal individual capacity is not obligated to contract with the corporation known as NEW YORK STATE DEPARTMENT OF MOTOR VEHICLE unless the individual is operating for profit. The higher courts have set countless precedents on the importance and necessity for an enactment clause to be attached to the statute in order for the courts to proceed. East Fishkill Court; Judge Romig; Pasquale have ignored this necessary component to proceed.

Scalpi has endured over two decades of harassment with no valid law attached, no contract signed to invite or consent to police power or give jurisdiction to ANY court. Scalpi is a law abiding individual who has never harmed anyone at anytime. Scalpi has endured two decades as well, of financial burdens, loss of work, fines, detention and deprivation of rights due to the conduct and abuse of NEW YORK STATE; DUTCHESS COUNTY and the agents thereof.

My closing arguments in this complaint lie in sighting Marbury v. Madison : 5 US 137 (1803):

*"no provision of the Constitution is designed to be without effect," "Anything that is in conflict is null and void", "Clearly, for a secondary law to come in conflict with the supreme Law was illogical, for certainly, the supreme law would prevail over all other laws and certainly our forefathers had intended that the supreme Law would be the bases of all law and for any law to come in conflict would be null and void of law, it would bear no power to enforce, it would bear no obligation to obey, it would purport to settle as if it had never existed, for unconstitutionality would date from the enactment of such a law, not from the date so branded in an open court of law, no courts are bound to uphold it, and no citizens are bound to obey it. It operates as a near nullity or a fiction of law."*

Not only has Scalpi given this court reason to interpret Title V Sec. 511 as unconstitutional in accordance with the higher courts. Title V Sec. 511 is without ANY enactment Clause confirming the statute to be a fiction of law, making no obligation of the people or individual's to obey it.

All corporate and individual entities named herein have all caused damage to the life, liberty and happiness of Scalpi and still is doing so. All corporate entities and individuals have criminally conspired to punish Scalpi with no lawful cause to do so.

Scalpi requests the right to add more defendants and/or monetary value for further harassment, to this complaint; there are two open cases for the same Title V Sec. 511 in Newburgh Town Court, NY and Taghkanic Town Court, NY. Scalpi intends to file motion requesting the authenticity of Title V Sec. 511 granting these courts to proceed. In failure to dismiss on the grounds there is not an enactment clause to authenticate these charges, and these courts pursue without cause or jurisdiction, Scalpi requests permission to include these courts and counties into this complaint under the same grounds herein. Also TOWN OF EAST FISHKILL COURT and Romig are presently pursuing Scalpi for Title V Sec. 511. Any arrests, court

appearances, or harassment in the pursuit of false charges should be valued in accordance with the act.

WHEREFORE Scalpi demands judgment against the defendants, jointly and severally, as follows:

a. as punitive and compensatory damages, the sum of $500,000.00 per individual; i.e. Grady, Pasquale, Romig, Badge#36. $2,000,000.00 per corporation; i.e. NYS, TOWN OF EAST FISHKILL POLICE DEPARTMENT sued as a "person"; these corporations have failed to train their employees properly, allowed their employees/officials to operate under color of law to gain revenue for the STATE; TOWN. These corporations operate unlawfully under corporate charters and are not to oppress an individual or deprive them of their Constitutionally Secured Rights. Scalpi requests $500.00 per day, per individual conspirator; Romig, Pasquale, Grady, AND $1000.00 per day, per corporation; NYS, DUTCHESS COUNTY, DC DA for each day after complaint is filed and defendants are notified, if false charges are not dismissed or enactment clause produced to grant court subject matter jurisdiction to proceed, these per day requests are related to defamation and endangerment of further harassment and/or abuse.

b. as punitive and compensatory damages, the sum of $10,000,000.00; NYS DMV has caused irreversible damage through fraudulent data, binding Scalpi to policies without consent nor contract. NYS DMV has defamed Scalpi for over two decades. Scalpi notified NYS DMV on more than one occasion by certified mail of her grievance and was ignored. NYS DMV has acquiesced to all claims Scalpi put into her complaint to NYS DMV. Further monetary value

requested daily from date of notification for deliberately defaming Scalpi further and jeopardizing her liberty by way of fraud. Scalpi requests $500.00 per day for public defamation from date of notification of this complaint, should it be proven on court record there was no contract. NYS DMV knowingly is not contracted by Scalpi for Motor Vehicle Licensing and continues to defame Scalpi and place her life and liberty in danger.

c. All fines and surcharges paid by Scalpi to any and all courts returned; any and all fines and open cases be dismissed with prejudice and court records DA records destroyed, expunged, all lawyer's fees and expenses returned to Scalpi Estimated at $50,000 over the course of 20 years in DUTCHESS COUNTY. DUTCHESS COUNTY has acted unlawfully under color of law and sham legal process, DUTCHESS COUNTY agents and officials have committed criminal conspiracy against Scalpi over the course of two decades with no valid law, no contract nor cause to do so. Scalpi requests relief for in the sum of $10,000,000.00 for punitive and compensatory damages to life, liberty and happiness; causing pain, suffering and emotional distress extending over two decades of harassment by their agents and officials.

d. all fees incurred in prosecuting this action pursuant to 42 U.S.C. 1988; all costs and disbursements of this action

e. the right to amend this complaint as warranted by further harassment, evidence, fact finding; the right to include any agents of NYS or Counties thereof for the same abuse and neglect of the law in connection with NYS DMV Abstract or Title V Sec. 511.

f. all Constitutionally Secure rights reinstated, restored and protected in Dutchess County, Orange County, Columbia County and New York State territory;

g. all NYS DMV records to include # 588 316 681 destroyed, expunged for public view and/or governmental view, corporate view. Scalpi requests new Identification with a new number as an individual non-corporate, non commercial entity not bound to policy enforcement.

h. All records, criminal, civil, finger prints, mug shots, processing in jail(s), processing in police departments, court records of ANY nature in direct connection with NYS DMV licensing destroyed, expunged and taken from public record, public view and corporate or governmental view. Any and All numbers attached to Scalpi; to include but not limited to; NYS DMV numbers, jail numbers, court docket numbers and any other numbers connected with arrests, courts and jails in connection with NYS DMV V&T Traffic be deleted, destroyed, expunged, taken off any and all public and private view, any number connecting Scalpi with any licensing of any kind.

i. requests relief in the form of Certified Paperwork and Identification confirming my status as a non-fictional individual and no longer to be harassed by policy enforcement officers (police/troopers/sheriffs) over invalid, un-enacted Vehicle & Traffic Codes/Statutes. A form of branding such as a "metal plate" for my private vehicle to avoid any further encroachments on Scalpi as an individual traveling in her personal capacity.

j. All hospital, doctors, specialists and healing practitioner costs derived from March 17th 2014 to include but not limited to co-pays, acupuncture, transportation, future expenses in the physical therapy and treatment to repair all injury related to Badge #36 excessive force. Future issues with anxiety and high blood pressure caused by extreme stress and torture.

k. as compensatory and punitive damages the sum of $1,000,000.00 from the OCJ Corporation for mistreatment, deprivation, unlawful detention, strip search, humiliation, embarrassment, lack of health care, lack of necessity such as water, food and sanitary needs, pain and suffering, deprivation of rights, emotional distress and mental anguish.

l. as compensatory and punitive damages in the sum of 1,000,000.00 from the DUTCHESS COUNTY DISTRICT ATTORNEY'S OFFICE knowingly pursuing an individual against the constitution, without valid cause, without a law of authority, conspiring with several judges and jurisdictions to deprive life liberty and happiness of Scalpi. DC DA has caused pain, suffering, deprivation of rights, emotional distress, mental anguish, false imprisonment, humiliation and embarrassment. DC DA have failed to train their employees properly, allowed their employees

to operate under color of law, commit criminal conspiracy, shame legal process and deprive the Constitutionally Secured Rights of an individual.

m. as compensatory and punitive damages in the sum of $500,000.00 from William Grady who has Orchestrated this atrocity at every level for nearly two decades. Grady knowingly promoted the DC DA office to pursue Scalpi without valid cause, without a law of authority, conspiring with several judges and jurisdictions to deprive life liberty and happiness of Scalpi. Grady has orchestrated the conspirators to cause pain, suffering, deprivation of rights, emotional distress, mental anguish, false imprisonment, humiliation and embarrassment. Grady lost his blanket immunity when he acted on his own volition and pursued Scalpi with no lawful or legal authority to do so.

n. as compensatory and punitive damages in the sum of $100,000.00 from the Lieutenant East Fishkill on duty who orchestrated badge #36 to conspire a false arrest, supervised as Scalpi was harmed and left without water and deprived sanitary needs. At all times during detention at East Fishkill Police Department, Lieutenant East Fishkill was present and allowed abuse and deprivation under his watch and command. Lieutenant East Fishkill gave illegal orders to arrest and obtain an individual under illegal orders and an unlawful warrant by Romig. Lieutenant East Fishkill acted on his own volition to ignore the Constitution, he is under Oath to uphold. Lieutenant East Fishkill is not entitled to immunity as he violated his oath taking away his immunity while acting on his own false authority.

o. as compensatory and punitive damages in the sum of $1,000,000.00 from NYS TROOPERS which orchestrated a false arrest, followed illegal orders, failed to train their employees properly, allowed their employees to operate under color of law to gain revenue for the STATE. Deprived Scalpi of food, water and sanitary needs while in custody; humiliated, embarrassed and caused bodily harm being handcuff behind Scalpi's back for several hours, pain and suffering, mental anguish, emotional distress.

p. Scalpi requests immediate relief in the form of a Federal Court Order to produce the enactment clause from the Town of East Fishkill Justice Dept, Town of Newburgh Justice Dept and the Taghkanic Town Court. As Scalpi was in fact traveling in her personal capacity as an

:individual exercising her Constitutional Right to do so,  "to pick up chickens in Rensselaerville NY" as told to Police Officers at time of false arrest. If failure to produce the vital Enactment Clause giving each court subject matter jurisdiction in a timely fashion all charges should be dismissed with prejudice or suffer the "per day" fines outlined in herein.

p. and other such further relief as to the Court seems proper.

## Redress by Jury is hereby Requested

Respectfully Submitted in Peace and Honor,

_Michele-Ellen Scalpi_
Autograph Signature Live Complainant
I Am; Michele-Ellen :Scalpi

Michele Ellen Scalpi
c/o 128 Hilltop Lane
West Haven, Connecticut

State of New York      ) SS
County of Dutchess    )

Subscribed and sworn to before me on this 26 day of March, 2014
**Michele Ellen Scalpi,** provided me on the basis of satisfactory evidence to be
"your affiant" who appeared before me.

JANE E RISO
**Notary** Public, State of New York
No: 01RI6024989
Qualified in Dutchess County
Commission Expires May 17, 2015

**Notary Public**

*~I declare this as a Civil Rights Complaint and this includes all attached documents. I Michele Ellen Scalpi*
*affirm under penalty and perjury; all statements herein this complaint to be true and correct to the best*
*of my knowledge, information and belief, so help me God; I understand I am under Oath upon*
*submission of complaint to the Southern District Court located at 300 Quarropas Street White Plains,*
*New York. I Michele Ellen Scalpi do so swear.*