UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHELE ELLEN SCALPI,

                            Plaintiff,

        v.

TOWN OF EAST FISHKILL, OFFICER
TINA AMORIM, SERGEANT ERIC
FIELDS, FREDERICK D. ROMIG,
COUNTY OF DUTCHESS, WILLIAM
GRADY, MELISSA KNAPP PASQUALE,
COUNTY OF ORANGE, COMMISSIONER
BARBARA J. FIALA, GOVERNOR
ANDREW CUOMO, STEVEN K.
PATTERSON,

                            Defendants.

---

Case No. 14-CV-2126 (KMK)

OPINION & ORDER

Appearances:

Michelle Ellen Scalpi
West Haven, CT
*Pro se Plaintiff*

Mary Kim, Esq.
New York State Office of the Attorney General
New York, NY
*Counsel for Defendants Commissioner Barbara J. Fiala and Governor Andrew Cuomo*

KENNETH M. KARAS, District Judge:

    Michelle Ellen Scalpi ("Plaintiff"), proceeding pro se, filed the instant Amended

Complaint pursuant to 42 U.S.C. § 1983, alleging that New York State Department of Motor

Vehicles Commissioner Barbara J. Fiala ("Fiala") and Governor Andrew Cuomo ("Governor

Cuomo") (collectively, "Moving Defendants"), among others, violated her constitutional rights.

(Dkt. No. 75.)[1]  Before the Court is Moving Defendants' Motion To Dismiss the Amended

Complaint ("Motion"). (Dkt. No. 104.) For the following reasons, the Motion is granted.

## I. Background

### A. Factual Background

The factual allegations that follow are derived from Plaintiff's Amended Complaint.

While the Court will sometimes refer to Plaintiff's contentions as "alleged," it nonetheless treats

them as true for purposes of the instant Motion.

Between 1994 and 1998, Plaintiff alleges she "was excessively stalked and ticketed by

police while traveling in an automobile and at times NOT traveling at all," presumably in New

York State. (Am. Compl. 8 (Dkt. No. 75).)[2]  Plaintiff also claims she "was pulled over [in]

February of 2011" for driving without a license in the Town of East Fishkill and subsequently

charged with violating New York State Vehicle and Traffic Law ("VTL") § 511, the state law

requiring drivers to possess a valid license. (*Id.*; *see also id.* Ex. E.) Finally, in March 2014,

Plaintiff "was pulled over" and "arrested on a warrant from the Town of East Fishkill" stemming

from prior violations of VTL § 511. (*Id.* at 9.)[3]

---

[1] Fiala retired from her position as Commissioner effective December 31, 2014. (*See* Defs.' Mem. of Law in Support of Mot. ("Defs.' Mem.") 1 n.1 (Dkt. No. 105).) Were the Court to grant any injunctive relief, her successor, J. David Sampson, would be "automatically substituted as a party." Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

[2] For the sake of clarity, the Court cites to the page numbers of Plaintiff's Amended Complaint, rather than the inconsistent paragraph numbering.

[3] The Amended Complaint primarily focuses on Plaintiff's false arrest and due process claims stemming from this March 2014 incident, (*see generally* Am. Compl. 9–13), though none of these allegations implicate Moving Defendants. For purposes of resolving the instant Motion, the Court concentrates on the events that relate to Plaintiff's claims against Fiala and Governor Cuomo.

Plaintiff "does not and has never obtained, applied [for,] or passed any test to obtain a . . . commercial driver's license" in New York or obtained any license through the New York State Department of Motor Vehicles ("NYS DMV"). (*Id.* 8.) Rather, she contests the accuracy of her driving record, (*see id.* Ex. F), on the basis that she "has *no* license and has never possessed a license to neither suspend nor revoke," (*id.* at 42). Plaintiff also disputes the legitimacy of VTL § 511, contending that VTL § 511 was not passed in conformity with the New York State Constitution. (*See, e.g., id.* at 17–18 ("Without an enacting clause the laws referenced . . . have no official evidence that they are from an authority which the individual is subject to or required to obey." (italics omitted)).)

B. Procedural History

Plaintiff commenced the instant Action on March 26, 2014 against Dutchess County, Dutchess County District Attorney William Grady, Dutchess County Assistant District Attorney Melissa Knapp Pasquale, the Town of East Fishkill, Officer Maria Amorim, Sergeant Eric Fields, Frederick D. Romig, Orange County, Fiala, Governor Cuomo, and Steven K. Patterson. (Dkt. No. 1.) Thereafter, counsel for all named defendants filed motions to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b). (Dkt. Nos. 40, 42, 47, 52.) Without rendering a decision on these motions, the Court granted Plaintiff's request for leave to amend her Complaint. (Dkt. Nos. 72, 74.) Plaintiff accordingly filed her Amended Complaint on December 31, 2014. (Dkt. No. 75.)

Pursuant to a scheduling order adopted at a pre-motion conference held before the Court on March 10, 2015, (Dkt. No. 88), Moving Defendants filed their Motion To Dismiss and supporting papers on April 10, 2015, (Dkt. Nos. 104–05), Plaintiff filed her opposition papers on

June 1, 2015, (Dkt. No. 112), and Moving Defendants filed their reply on June 22, 2015, (Dkt. No. 122).[4]

## II. Discussion

### A. Standard of Review

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his [or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alterations, citations, and internal quotation marks omitted).[5]  Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alterations and internal quotation marks

---

[4] The Court resolves the Motions to Dismiss of the other named defendants in separate Opinions issued contemporaneously with this Opinion.

[5] Despite initially calling for dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, (*see* Mot. To Dismiss ("Mot.") 1 (Dkt. No. 104); Defs.' Mem. 1), Moving Defendants essentially argue that Plaintiff failed to state a claim upon which relief can be granted, and their brief calls this a 12(b)(6) motion.  "A motion to dismiss for lack of jurisdiction based upon an alleged failure to state the necessary elements of a federal claim should be viewed as raising the issue of whether the complaint states a claim upon which relief can be granted and treated as a 12(b)(6) motion when the memoranda submitted by the parties adequately discuss the sufficiency of the claim despite the erroneous designation of the ground for the motion." *Zebrowski v. Denckla*, 630 F. Supp. 1307, 1308 n.1 (E.D.N.Y. 1986).  The Court, therefore, will rule on the instant Motion as if it were brought pursuant to 12(b)(6). *See McCain v. United States*, No. 14-CV-92, 2015 WL 1221257, *15, n.8 (D.Vt. Mar. 17, 2015) (construing a portion of the defendant's motion pursuant to Rule 12(b)(1) as a motion brought pursuant to Rule 12(b)(6) for failure to state a claim); *accord Orange & Rockland Utils., Inc. v. Local 503, Int'l Bhd. of Elec. Workers*, No. 05-CV-6320, 2006 WL 1073049, at *3 (S.D.N.Y. Apr. 21, 2006) (noting "that an erroneous nomenclature does not prevent the court from recognizing the true nature of a motion" (internal quotation marks omitted) (quoting *O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc.*, 857 F.2d 742, 746 (11th Cir. 1988))).

omitted).  Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In addition, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Further, "[f]or the purpose of resolving [a] motion to dismiss, the [c]ourt . . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T&M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).  "In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted); *see*

5

*also Hendrix v. City of N.Y.*, No. 12-CV-5011, 2013 WL 6835168, at *2 (E.D.N.Y. Dec. 20, 2013) (same).

Where, as here, a plaintiff proceeds pro se, the court must "construe[] [her] [complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (internal quotation marks omitted); *see also Farzan v. Wells Fargo Bank, N.A.*, No. 12-CV-1217, 2013 WL 6231615, at *12 (S.D.N.Y. Dec. 2, 2013) (same), *aff'd sub nom. Farzan v. Genesis 10*, 619 F. App'x 15 (2d Cir. 2015). In deciding a motion to dismiss a pro se complaint, it is appropriate to consider certain "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotation marks omitted), including "documents that a pro se litigant attaches to [her] opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted); *see also Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (noting that a court may consider "factual allegations made by a pro se party in his papers opposing the motion" (italics omitted)). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks omitted); *see also Caidor v. Onondaga Cty.*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and internal quotation marks omitted)).

B. Analysis

Remarkably, Plaintiff alleges a number of claims against Moving Defendants (and other Defendants) related to Plaintiff's extensive history of driving on the streets of New York without a valid driver's license, and the many summonses and arrests that resulted from this conduct. Plaintiff claims entitlement to get behind the wheel without a license because she contends that the law requiring all drivers to have a valid license is invalid.

Liberally construed, the Amended Complaint seems to allege that Fiala and Governor Cuomo are somehow responsible for constitutional deprivations arising from Plaintiff's numerous citations and arrest for driving without a license in New York State. (*See, e.g.*, Am. Compl. 21–22, 38.) Fiala is sued, not for money damages, but for declaratory judgment and injunctive relief as a means of bringing to her attention some kind of "fraud." (*Id.* at 41.) Plaintiff names Governor Cuomo as a Defendant because, as the Governor, he is "responsible for defending New York [S]tate [i]ndividuals' [c]onstitutionally [s]ecured [r]ights . . . ." (*Id.* at 7.)

1. Section 1983 and Personal Involvement

Fiala and Governor Cuomo argue for dismissal of any causes of action against them on the grounds that Plaintiff fails to state a claim under § 1983 and fails to allege their personal involvement in any purported constitutional violation. (*See* Mot. 1; Defs.' Mem. 3–5; Defs.' Reply Mem. of Law in Support of Mot. ("Defs.' Reply") 1–4 (Dkt. No. 122).) The Court agrees.

"To state a civil rights claim under § 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983." *Alfaro Motors Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987) (citations omitted). As the Second Circuit has "repeatedly held, complaints relying on . . . civil rights statutes are insufficient unless

they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987); *see also Dinapoli v. DPA Wallace Ave II, LLC*, No. 07-CV-1409, 2009 WL 755354, at *3 (S.D.N.Y. Mar. 23, 2009) ("The court will dismiss a complaint that consists of nothing more than naked assertions, and sets forth no facts upon which a court could find a constitutional violation." (alterations and internal quotation marks omitted)).

Furthermore, to establish a defendant's individual liability, a § 1983 plaintiff must demonstrate "the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). A government official is personally involved in a constitutional tort if he or she: (1) participated directly in the alleged violation; (2) failed to remedy the violation after being informed of the violation through a report or appeal; (3) created a policy or custom under which unconstitutional practice occurred, or allowed the continuance of such a policy or custom; (4) was grossly negligent in supervising a subordinate who committed the unlawful act; or (5) exhibited deliberate indifference to an individual's constitutional rights by failing to act on information indicating the unconstitutional act was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *see also Zherka v. Amicone*, 634 F.3d 642, 644 (2d Cir. 2011) ("[A] plaintiff must allege facts indicating that some official action has caused the plaintiff to be deprived of his or her constitutional rights.")

In the instant Action, Plaintiff presents neither sufficiently specific allegations of a constitutional deprivation of nor adequate facts to demonstrate Moving Defendants' personal involvement in any purported violation.

2.   Claims Against Commissioner Fiala

As to Fiala, Plaintiff broadly alleges that she "has excessively and continuously allowed the reporting of misinformation without [Plaintiff's] consent on the [DMV] abstract." (Am Compl. 38 (internal quotation marks omitted).)[6]  The Amended Complaint further claims that "this fraud may or may not have been known to [Fiala], but is clearly brought to her attention now." (*Id.* at 41.)  These bare assertions, however, are insufficient to give rise to a cognizable cause of action under § 1983.  Moreover, even if the Amended Complaint contained sufficient factual enhancement to state a claim, Plaintiff does not allege that Fiala was personally involved in any constitutional deprivation.  Indeed, Plaintiff's allegations tacitly acknowledge that Fiala did not have any personal involvement in Plaintiff's traffic violation enforcement actions.

To the extent Plaintiff claims the enforcement of VTL § 511 violated her constitutional rights, Plaintiff fails to sufficiently allege both that such conduct "deprived . . . her of a right secured by the Constitution or laws of the United States," or that Fiala, as "a person acting under color of state law," was responsible for any alleged deprivation.  *See Oliveira v. Price Law Firm*, No. 14-CV-4475, 2014 WL 4088199, at *2 (S.D.N.Y. July 30, 2014) ("To state a claim under [§] 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a right secured by the Constitution or laws of the United States.").  While Plaintiff maintains

---

[6] The "DMV abstract" referenced throughout the Amended Complaint, (*see, e.g.*, Am. Compl. 8, 31, 33–34), is a DMV-maintained record that "shows basic licensing information" for any driver in New York State, (*id.* Ex. I at 2–3).  "Each abstract identifies the motorist, gives the class of license, the current license status, the license expiration date and any restrictions and/or endorsements that limit or expand the driving privilege." (*Id.* at 3.)

9

she "has found no evidence of a lawful enactment making a driver[']s license mandatory under

[s]tate law[,] unless[] while operating a vehicle in commerce or for profit," (Pl.'s Opp'n to Mot.

("Pl.'s Opp'n") at unnumbered 2 (Dkt. No. 112)), the State's authority to regulate the use of its

roads is well established, *see, e.g., Bibb v. Navajo Freight Lines Inc.*, 359 U.S. 520, 523 (1959)

(holding that "[t]he power of the State to regulate the use of its highways is broad and

pervasive"); *Hendrick v. State of Maryland*, 235 U.S. 610, 622 (1915) (holding that a state may

prescribe regulations related to the operation of motor vehicles on its highways, including

registration and licensing requirements); *Miller v. Reed*, 176 F.3d 1202, 1206 (9th Cir. 1999)

(reaffirming that an individual "does not have a fundamental right to drive a motor vehicle");

*Triemert v. Washington Cty.*, No. 13-CV-1312, 2013 WL 6729260, at *9 (D. Minn. Dec. 19,

2013) ("It is beyond dispute that states may impose driver licensing and vehicle registration

requirements upon their citizens . . . ."), *aff'd*, 571 F. App'x 509 (8th Cir. 2014); *see also Allen v.

N.Y. State Dep't of Motor Vehicles*, 991 N.Y.S. 2d 701, 723 (App. Div. 2014) (noting that "[the

Constitution] does not recognize a fundamental 'right to drive'"); *Gaebel v. N.Y. State Dep't of

Motor Vehicles*, 976 N.Y.S. 2d 816, 826 (App. Div. 2013) (reaffirming that "the state may

regulate the right to drive and the possession of a driver's license in the furtherance of highway

safety and to protect against potential injury to the public").[7]  Notably, "the Supreme Court has

held that states may constitutionally regulate the use of public highways" without limiting "its

---

[7] Though the Amended Complaint claims that "VTL [§] 511 is invalid" because there is
not an Enactment Clause on the face of the purported law, (Am. Compl. 44), this Court, in a
separate Opinion stemming from this Action, has already discussed that an Enactment Clause
appears on the face the bill underlying the law, as well as in subsequent amendments to the law.
This Court thus reaffirmed that VTL § 511 was properly enacted and enforceable against
Plaintiff (and all other who drive a vehicle in New York State). Here, the Court focuses on the
arguments most relevant to the instant Motion. (*See, e.g.*, Defs.' Mem. 4 (rejecting Plaintiff's
argument that VTL § 511 is "illegitimate" because "there is no question that it is within a State's
police power to regulate the use of its roads"); Defs.' Reply 5 (same).)

holding[s] to commercial uses of public highways." *Mohammed El v. Opdyke*, No. 04-CV-1459,

2004 WL 1465692, at *3 (N.D. Cal. June 23, 2004) (citing *Reitz v. Mealey*, 314 U.S. 33, 36

(1941), *overruled in part on other grounds by Perez v. Campbell*, 402 U.S. 637 (1971)).  The

enforcement and documentation of New York's license requirements thus fall squarely within

the parameters of the state's constitutional authority and cannot form the basis of Plaintiff's

constitutional deprivation claim.

      Moreover, in interpreting the Amended Complaint to possibly allege that "the reporting

of misinformation" led to inaccuracies in Plaintiff's driving record, the Court notes that such a

claim would not be cognizable under § 1983 because acts of negligence do not rise to the level of

a constitutional violation. *See Hendricks v. Coughlin*, 942 F.2d 109, 113 (2d Cir. 1991) ("Proof

of mere negligence will not give rise to a constitutional violation."); *Miller v. Rosini*, No. 09-CV-

7300, 2011 WL 924230, at *6 (S.D.N.Y. Mar. 17, 2011) (same).  Even if, arguendo, this conduct

somehow violated the Constitution, Plaintiff makes no showing of how Fiala was personally

involved, and these allegations therefore cannot sustain a claim under § 1983. *See Ramrattan v.

Fischer*, No. 13-CV-6890, 2015 WL 3604242, at *9 (S.D.N.Y. June 9, 2015) (reaffirming that a

§ 1983 "plaintiff must show the personal involvement of defendants in the alleged constitutional

deprivations" (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006))).

      To the extent that Plaintiff alleges a violation of her constitutional rights based on

"fraudulent information . . . detailed on the [DMV] report," (Am. Compl. 31), these allegations

sounding in fraud fall well below the heightened pleading requirements of Federal Rule of Civil

Procedure 9(b).  Under Rule 9(b), a party alleging fraud "must state with particularity the

circumstances constituting fraud." Fed. R. Civ. P. 9(b).  This heightened pleading standard

applies broadly to claims "premised on allegations of fraud," *In re Morgan Stanley Info. Fund,*

11

*Sec. Litig.*, 592 F.3d 347, 358 (2d Cir. 2010) (internal quotation marks omitted); *see also Police & Fire Ret. Sys. of City of Detroit v. Goldman, Sachs & Co.*, No. 10-CV-4429, 2014 WL 1257782, at *5 (S.D.N.Y. Mar. 27, 2014), i.e., "to all averments of fraud," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (internal quotation marks omitted), and "is not limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action," *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004); *see also Meserole v. Sony Corp. of Am., Inc.*, No. 08-CV-8987, 2009 WL 1403933, at *3 (S.D.N.Y. May 18, 2009) (explaining that Rule 9(b) applies "not only to formal averments of fraud, but also to allegations that sound in fraud, or where the wording and imputations of the complaint are classically associated with fraud" (internal quotation marks omitted)). To satisfy Rule 9(b), "the plaintiff must: '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *First Hill Partners, LLC v. BlueCrest Cap. Mgmt. Ltd.*, 52 F. Supp. 3d 625, 637 (S.D.N.Y. 2014) (quoting *Rombach*, 355 F.3d at 170). Additionally, a plaintiff "must allege facts that give rise to a strong inference of fraudulent intent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (internal quotation marks omitted).

In the instant Action, Plaintiff alleges that her traffic violations from 1996 to 1999 were "fraudulently issued" such that "fraud was and is present on [her] public record." (Am. Compl. 45, 67.) Yet, despite its repeated assertions regarding "the fraud of the . . . DMV abstract," (*Id.* at 65), the Amended Complaint fails to put forth any specific allegations in support of such a claim. Plaintiff's general allegations here do not "specify the time, place, speaker, and content of the alleged misrepresentations." *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013) (internal quotation marks omitted). The Court finds unavailing her purported excuse that

12

she is unable "to give specific details" because "citations were issued without her knowledge for

a long period of time," (Pl.'s Opp'n at unnumbered 4 (alterations omitted)), because these

allegedly fraudulent statements "would presumably be at least as well known to [P]laintiff[] as to

[D]efendants," *Apace Commc'ns, Ltd. v. Burke*, 522 F. Supp. 2d 509, 518 (W.D.N.Y. 2007). As

Plaintiff acknowledges, the citations are a matter of "*public* record," (Am. Compl. at 67

(emphasis added)), or what she considers "*public* misinformation," (*id.* at 43 (emphasis added)),

such that "[P]laintiff is in as good a position as . . . [D]efendants are to recall the speakers, dates,

and content of the alleged misrepresentations," *Concorde Funds, Inc. v. Value Line, Inc.*, No. 04-

CV-9932, 2006 WL 522466, at *5 n.8 (S.D.N.Y. Mar. 2, 2006); *cf. Eaves v. Designs for Fin.,

Inc.*, 785 F. Supp. 2d 229, 249 (S.D.N.Y. 2011) (noting that "generalities" in a plaintiff's fraud

pleadings "may be excused where, for instance, the facts upon which a plaintiff bases its fraud

claim are peculiarly within a defendant's knowledge"). In fact, the Amended Complaint readily

reveals Plaintiff's knowledge of the "several charges pertaining to [VTL § 511]" and her

violations thereof. (Am. Compl. 21 (noting "Plaintiff has several charges pertaining to purported

law" (internal quotation marks omitted); *cf. id.* Ex. F (DMV Abstract outlining Plaintiff's

summonses); *id.* Ex. K (Huntley Notice regarding Plaintiff's violation on February 5, 2011); *id.*

Ex. L (Plaintiff's motion to dismiss the unlicensed driving charges against her).) Plaintiff also

fails to "explain how the misrepresentations were fraudulent," especially considering the Court

has already rejected her contentions as to the validity of VTL § 511. *Cohen*, 711 F.3d at 359

(internal quotation marks omitted). Thus, with little to no specificity among its far-flung

13

allegations, the Amended Complaint falls far short of meeting the heightened pleading standard for fraud-based claims.[8]

Furthermore, while Plaintiff alleges she has suffered "because of the fraud on the driver[']s license status," (Am. Compl. 85), she fails to "allege a tangible connection between the acts of a defendant and the injuries suffered." *Gabriel v. Cty. of Herkimer*, 889 F. Supp. 2d 374, 396 (N.D.N.Y. 2012) (internal quotation marks omitted) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)). She contends she "has been unquestionably harmed by the . . . DMV abstract and notices," (Am. Compl. 41 (internal citation marks omitted)), but such assertions, without more, are not enough to allege Fiala's personal involvement in any constitutional deprivation, *see George v. City of N.Y.*, No. 12-CV-6365, 2013 WL 5943206, at *6 (S.D.N.Y. Nov. 6, 2013) (holding that "the failure to allege that an individual was personally and directly involved is a fatal defect on the face of the complaint"). Indeed, the Amended Complaint essentially concedes lack of personal involvement in noting that "this fraud may or may not have been known to [Fiala]." (Am. Compl. 41.) Thus, Plaintiff's claims of "blatant harassment and fraud" cannot stand. (*Id.* at 45.)

The Court, therefore, dismisses the § 1983 cause of action against Fiala.

---

[8] Moreover, even accepting as true Plaintiff's allegations concerning "fraudulent information," (*see* Am. Compl. 31), there simply are not "enough facts to state a claim to relief that is plausible on its face," *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557). As mere legal conclusions, claims like the "DMV abstract was tainted and [contained] fraudulent information," (Am. Compl. 31), are not entitled to any deference by this Court, *cf. Iqbal*, 556 U.S. at 678; *Martinez v. Santamaria*, No. 14-CV-7634, 2015 WL 4241398, at *5 (S.D.N.Y. July 13, 2015) (dismissing the plaintiff's claim where "he fails to provide a single non-conclusory or non-speculative factual allegation").

###### 3. Claims Against Governor Cuomo

With respect to Governor Cuomo, Plaintiff offers the bare assertion that, as Governor of New York, he is "responsible for defending New York [S]tate [i]ndividuals' [c]onstitutionally [s]ecured [r]ights . . . ." (*Id.* at 7.)  No further allegations of any kind are offered regarding this Defendant.  Even assuming Plaintiff suffered a violation of her constitutional rights, the fact that Governor Cuomo "occupies a high position of authority is an insufficient basis for the imposition of personal liability." *Figueroa v. RSquared NY, Inc.*, 89 F. Supp. 3d 484, 493 (E.D.N.Y. 2015) (internal quotation marks omitted); *see also Ramrattan*, 2015 WL 3604242, at *10 (dismissing the plaintiff's claims against the defendants, including Governor Cuomo, because the allegations "are apparently predicated entirely upon their positions of authority within New York State").

Accordingly, the Court dismisses Plaintiff's § 1983 cause of action against Governor Cuomo.

### III. Conclusion

For the reasons stated herein, the Court grants Moving Defendants' Motion To Dismiss with prejudice.[9] The Clerk of the Court is respectfully requested to terminate the pending Motion. (Dkt. No. 104.).

SO ORDERED.

Dated: February 26, 2016
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

[9] While "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once," *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (italics omitted); *see also McGee v. Pallito*, No. 10-CV-11, 2014 WL 360289, at *12 (D.Vt. Feb. 3, 2014) (noting that "[t]he Second Circuit has cautioned that district courts should not dismiss pro se complaints with prejudice without granting leave to amend *at least once*" (emphasis added) (italics omitted)), here the Court has already granted Plaintiff leave to amend, (*see* Dkt. No. 72). Moreover, "[t]he problem with [her] causes of action is substantive; better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Lastra v. Barnes & Noble Bookstore*, No. 11-CV-2173, 2012 WL 12876, at *9 (S.D.N.Y. Jan. 3, 2012) (dismissing with prejudice a pro se complaint that was "not simply 'inadequately or inartfully pleaded,' but rather contain[ed] substantive problems such that an amended pleading would be futile"), *aff'd*, 523 F. App'x 32 (2d Cir. 2013).