UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHELE ELLEN SCALPI,

                    Plaintiff,

    v.

TOWN OF EAST FISHKILL, OFFICER
TINA AMORIM, SERGEANT ERIC
FIELDS, FREDERICK D. ROMIG,
COUNTY OF DUTCHESS, WILLIAM
GRADY, MELISSA KNAPP PASQUALE,
COUNTY OF ORANGE, COMMISSIONER
BARBARA J. FIALA, GOVERNOR
ANDREW CUOMO, STEVEN K.
PATTERSON,

                    Defendants.

Case No. 14-CV-2126 (KMK)

OPINION & ORDER

---

Appearances:

Michelle Ellen Scalpi
West Haven, CT
*Pro se Plaintiff*

Jeremy M. Sher, Esq.
Leclair Korona Giordano Cole LLP
Rochester, NY
*Counsel for Defendant Steven K. Patterson*

KENNETH M. KARAS, District Judge:

    Michelle Ellen Scalpi ("Plaintiff"), proceeding pro se, filed the instant Amended Complaint pursuant to 42 U.S.C. § 1983, alleging Steven K. Patterson ("Patterson" or "Moving Defendant") violated her civil rights when acting as her court-appointed attorney in a criminal proceeding. (Dkt. No. 75.) Before the Court is Moving Defendant's Motion To Dismiss the

Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion"). (Dkt. No. 96.) For the following reasons, the Motion is granted.

## I. Background

### A. Factual Background

The factual allegations that follow are derived from Plaintiff's Amended Complaint. While the Court will sometimes refer to Plaintiff's contentions as "alleged," it nonetheless treats them as true for purposes of the instant Motion.

Plaintiff "was pulled over [in] February of 2011" for driving without a license on a public roadway in the Town, in violation of New York State Vehicle and Traffic Law ("VTL") § 511. (Am. Compl. 8 (Dkt. No. 75); *see also id.* Ex. E (VTL § 511).)[1] She claims that her arrest and subsequent prosecution were intrinsically invalid because the state law imposing the driver's license requirement is invalid. (*See, e.g., id.* at 17–18 ("Without an enacting clause the laws referenced . . . have no official evidence that they are from an authority which the individual is subject to or required to obey." (italics omitted)).) During the course of the criminal prosecution stemming from this charge, Plaintiff failed to appear for a required court appearance on April 24, 2013 at the Town of East Fishkill Court, which resulted in the issuance of a bench warrant for her arrest, signed by Town Justice Frederick D. Romig ("Justice Romig"). (*Id.* at 9.)

On March 17, 2014, Plaintiff was driving in Columbia County, New York when she was pulled over by a Town of East Fishkill police officer and arrested pursuant to that bench warrant. (*Id.* at 8–9.) Justice Romig subsequently appointed Patterson to serve as Plaintiff's defense counsel in the ensuing criminal proceeding. (*Id.* at 32.) Plaintiff notified Patterson, the court,

---

[1] For the sake of clarity, the Court cites to the page numbers of Plaintiff's Amended Complaint, rather than the inconsistent paragraph numbering.

and the Dutchess County District Attorney's Office ("DA's Office") that she rejected this appointment. (*Id.*) Though she contacted Patterson on three separate occasions, via certified mail, the mail was returned to her unopened. (*Id.* at 31–32; *cf. id.* Ex. G (certified mail receipts).) According to the Amended Complaint, Patterson has "refused to acknowledge [Plaintiff's] non-consent, refused communication with her[,] but purports to represent [her] presently." (*Id.* at 32.) Plaintiff is thus "being forced by Patterson, Dutchess County[,] and [Justice] Romig to only enter court under Patterson's counsel." (*Id.*) As a result, Plaintiff claims Patterson has violated her rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments while "being enriched and compensated by... Dutchess County." (*Id.* at 30.) Plaintiff also claims that Patterson and other named defendants "conspired to harm, defame, extort, humiliate, injure, harass[,] and victimize [her] under color of law." (*Id.* at 74.)[2]

B. Procedural History

Plaintiff commenced the instant Action on March 26, 2014, (Dkt. No. 1), and the Court subsequently granted Plaintiff's request for leave to amend, (Dkt. No. 74). On December 31, 2014, Plaintiff filed her Amended Complaint against Orange County, Dutchess County, Dutchess County District Attorney William Grady ("Grady"), Dutchess County Assistant District Attorney Melissa Knapp Pasquale, the Town of East Fishkill, Officer Maria Amorim, Sergeant Eric Fields, Justice Romig, Commissioner Barbara J. Fiala, Governor Andrew Cuomo, and Patterson. (Dkt. No. 75.)

---

[2] In her opposition to Patterson's Motion, Plaintiff clarifies her constitutional claim by citing to *Faretta v. California*, 422 U.S. 806 (1975), in which the Supreme Court held that a criminal defendant has a Sixth Amendment right to refuse legal representation and represent herself in criminal proceedings.

3

Pursuant to a scheduling order adopted at a pre-motion conference held before the Court on March 10, 2015, (Dkt. No. 88), Moving Defendant filed his Motion To Dismiss and supporting papers on April 9, 2015, (Dkt. Nos. 96–98), and Plaintiff filed her opposition papers on June 1, 2015, (Dkt. No. 113). Moving Defendant did not submit a reply memorandum of law. (*See* Dkt. No. 124).[3]

## II. Discussion

### A. Standard of Review

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his [or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alterations and internal quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alterations and internal quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556

---

[3] The Court resolves the Motions to Dismiss of the other named defendants in separate Opinions issued contemporaneously with this Opinion.

4

U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (second alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In addition, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[f]or the purpose of resolving [a] motion to dismiss, the [c]ourt . . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T&M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). "In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted); *see also Hendrix v. City of N.Y.*, No. 12-CV-5011, 2013 WL 6835168, at *2 (E.D.N.Y. Dec. 20, 2013) (same).

Where, as here, a plaintiff proceeds pro se, the court must "construe[] [her] [complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (internal quotation marks omitted); *see also Farzan v. Wells Fargo Bank, N.A.*, No. 12-CV-1217, 2013 WL 6231615, at *12 (S.D.N.Y. Dec.

5

2, 2013) (same), *aff'd sub nom. Farzan v. Genesis 10*, 619 F. App'x 15 (2d Cir. 2015). In deciding a motion to dismiss a pro se complaint, it is appropriate to consider certain "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotation marks omitted), including "documents that a pro se litigant attaches to [her] opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted); *see also Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (noting that a court may consider "factual allegations made by a pro se party in his papers opposing the motion"). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks omitted); *see also Caidor v. Onondaga Cty.*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and internal quotation marks omitted)).

B. Analysis

Pursuant to § 1983, Plaintiff broadly asserts a variety of constitutional claims against the individuals and municipalities named in her Amended Complaint. (*See* Am. Compl. 2.) As to Patterson specifically, she alleges that he violated her civil rights while "acting as a County[-]employed, compensated, enriched, and rewarded [p]ublic [d]efender for the County of Dutchess." (*Id.* at 6–7.) Plaintiff further alleges that Patterson "conspired" with other named defendants "to harm, defame, extort, humiliate, injure, harass[,] and victimize [her] under color of law." (*Id.* at 74.) However, as a matter of law, these claims cannot survive the instant Motion.

6

1. State Actor Requirement

The Amended Complaint contends that Patterson "refused to acknowledge [Plaintiff's] non-consent" to his representation and "refused communication with [her]" despite "purport[ing] to represent [Plaintiff] presently." (*Id.* at 32; *see also* Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at unnumbered 1 (Dkt. No. 113) ("Not only has Patterson refused to communicate via phone or mail, he has refused and returned all mail sent to him by . . . Plaintiff via certified mail." (alterations omitted)).) Plaintiff also asserts Patterson is responsible for "forcing [her] by threat to be tried under false charges." (Am. Compl. 31.)

"Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 132 S.Ct. 1657, 1661 (2012). Thus, to state a claim pursuant to § 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (internal quotation marks omitted). Thus, to state a viable § 1983 claim against Patterson, Plaintiff must allege that as her court-appointed attorney, Patterson was a state actor. It is, however, well-established that court-appointed attorneys and public defenders do not act under color of state law when performing traditional functions of counsel. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Harrison v. New York*, 95 F. Supp. 3d 293, 328 (E.D.N.Y. 2015) (holding that "public defenders[,] . . . court-appointed counsel[,] and private attorneys do not act under the color of state law merely by virtue of their position"); *Krug v. McNally*, 488 F. Supp. 2d 198, 200

7

(N.D.N.Y. Feb. 8, 2007) ("[D]efense attorneys—even if court-appointed or public defenders—do not act under color of [s]tate law when performing traditional functions of counsel."), *aff'd*, 368 F. App'x 269 (2d Cir. 2010).

Here, it is clear from the face of the Amended Complaint that Patterson does not qualify as a state actor.[4] In alleging "Patterson was unlawfully appointed to [Plaintiff] as counsel . . . but purports to represent [her] presently," (Am. Compl. 32), Plaintiff unmistakably grounds her claims on his performance of "a lawyer's traditional functions as counsel" during her criminal proceeding, *see Polk*, 454 U.S. at 325. Yet, because Patterson did not act under color of state law when representing Plaintiff, Plaintiff cannot state a plausible claim for civil rights violations against Patterson. *See Schiff v. Suffolk Cty. Police Dep't*, No. 12-CV-1410, 2015 WL 1774704, at *8 (E.D.N.Y. Apr. 20, 2015) (holding that the plaintiff failed to state a claim under § 1983 where "the allegations . . . all relate to acts the [public defenders] allegedly committed while engaged in representing [the] plaintiff in connection with her criminal case"); *Murdock v. Legal Aid Soc'y*, No. 14-CV-508, 2015 WL 94245, at *2 (E.D.N.Y. Jan. 6, 2015) (holding that the

---

[4] According to Patterson, he was not affiliated with the Dutchess County Public Defender's Office at the time of his appointment as Plaintiff's counsel. (*See* Def.'s Mem of Law in Supp. of Mot. 3 n.1 (Dkt. No. 97).) This does not alter the Court's analysis because, as noted, "neither public defenders . . . nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position." *Shorter v. Rice*, No 12-CV-0111, 2012 WL 1340088, at *4 (E.D.N.Y. Apr. 10, 2012); *see also Licari v. Voog*, 374 F. App'x 230, 231 (2d Cir. 2010) ("It is well established that private attorneys—even if the attorney was court appointed—are not state actors for the purposes of § 1983 claims."); *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) (holding that a private attorney was not a state actor by virtue of his appointment by the court to represent a defendant in a state criminal proceeding); *Grant v. Hubert*, No. 09-CV-1051, 2009 WL 764559, at *1 (E.D.N.Y. Mar. 20, 2009) ("It is well settled that private attorneys do not act under color of state law and are not state actors simply by virtue of their state-issued licenses to practice law.").

"[p]laintiff's [§] 1983 claims against his former defense attorneys fail as a matter of law because they are not state actors").[5]

2. Conspiracy to Violate Civil Rights

The Amended Complaint further asserts that Patterson, Justice Romig, and Grady, "by forcing counsel on [Plaintiff,] . . . jointly collude[d] and conspire[d] to imprison [her] without due process or [l]aw." (Am. Compl. 32 (citing 18 U.S.C. § 241)).[6] According to Plaintiff, "[t]his is a text book [sic] defined[] conflict of interest and conspiracy." (Pl.'s Opp'n at unnumbered 2.)

Allegations of a conspiracy to violate civil rights must be pleaded with specificity, and "[a]n otherwise invalid [§] 1983 claim cannot survive a motion to dismiss merely by mentioning the word 'conspiracy.'" *Brewster*, 349 F. Supp. 2d at 547; *see also Anilao v. Spota*, 774 F. Supp.

---

[5] Plaintiff repeatedly asserts that Patterson was "enriched and compensated" by Dutchess County. (Am. Compl. 30; *see also id.* at 6–7 ("Patterson . . . was acting as a County[-]employed, compensated, enriched, and rewarded" attorney"); Pl.'s Opp'n at unnumbered 1 ("Patterson is compensated by the County to represent indigent persons charged with crimes and/or commercial violations.").) Yet, regardless of their truth, these contentions are insufficient to render Patterson a state actor within the meaning of § 1983. *See Polk*, 454 U.S. at 321 (holding the fact that "public defenders are paid by the State . . . insufficient to establish that a public defender acts under color of state law within the meaning of § 1983"); *Brewster v. Nassau Cty.*, 349 F. Supp. 2d 540, 546 (E.D.N.Y. 2004) (per curiam) (noting "the Supreme Court has held that appointed counsel in a state criminal prosecution, though paid and indirectly supervised by the State, does not act 'under color of state law'"); *cf. Leeds v. Meltz*, 85 F.3d 51, 54 (2d Cir. 1996) ("Extensive regulation and public funding, either alone or taken together, will not transform a private actor into a state actor . . . .").

[6] To the extent Plaintiff seeks to allege any claims pursuant to 18 U.S.C. § 241, which prohibits conspiracies to deprive another of his or her constitutional rights, the Court notes that there exists no private right of action to enforce this provision of the criminal code. *See Delarosa v. Serita*, No. 14-CV-737, 2014 WL 1672557, at *2 (E.D.N.Y. Apr. 28, 2014) (reaffirming "there exists no private right of action to enforce [§ 241 or § 242], which, as a general matter, are prosecuted by the government and not by private individuals"). Accordingly, any claims brought by Plaintiff pursuant to § 241 would warrant dismissal for failure to state a claim upon which relief may be granted.

2d 457, 499 (E.D.N.Y. 2011) ("Vague and conclusory allegations that defendants have engaged in a conspiracy must be dismissed."). Rather, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002).

With this heightened standard in mind, the Court finds Plaintiff's conclusory allegations insufficient to support a conspiracy claim under § 1983. According to the Amended Complaint, Patterson, Justice Romig, and the DA's Office "are colluding to 'railroad' [Plaintiff] through an unlawful trial and incarcerate her against her will." (Am. Compl. 32 (italics omitted); *see also* Pl.'s Opp'n at unnumbered 1 ("Patterson is conspiring with the [DA's Office] to mute [her] in the court room [sic]." (second alteration in original)).) Plaintiff, however, does not actually allege any specific facts indicating an agreement to act in concert to harm her. *See Baines v. City of N.Y.*, No. 10-CV-9545, 2015 WL 3555758, at *12 (S.D.N.Y. June 8, 2015) ("Although [the] [p]laintiff repeatedly asserts that [the d]efendants entered an agreement to violate his civil rights . . . , the [complaint] is devoid of facts that would render that allegation plausible as opposed to merely conceivable." (citation omitted)); *Harrison*, 95 F. Supp. 3d at 325 ("Critically absent from the [c]omplaint are any specific facts identifying a willful collaboration between [the defendants] to deny [the] [p]laintiff's constitutional rights, or an overt act or the agreement between the private actors and state actor forming the conspiracy." (citation and internal quotation marks omitted)). Thus, Plaintiff fails to state a cause of action for conspiracy to violate her civil rights.[7]

---

[7] Moreover, Plaintiff cannot state a claim for conspiracy under § 1983 because Defendant's alleged co-conspirators, Justice Romig and the DA's Office, are absolutely immune from suit. "A claim of conspiracy to deprive Plaintiff of his constitutional rights cannot stand

10

III. Conclusion

For the foregoing reasons, the Court grants Moving Defendant's Motion To Dismiss with prejudice.[8] The Clerk of the Court is respectfully directed to terminate the pending Motion. (Dkt. No. 96).

SO ORDERED.

Dated: February 26, 2016
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

where the state actors in question have absolute immunity." *Delarosa*, 2014 WL 1672557, at *4; *see also Pinaud v. Cty. of Suffolk*, 52 F.3d 1139, 1148 (2d Cir. 1995) (noting that, "when the underlying activity at issue is covered by absolute immunity, the plaintiff derives no benefit from alleging a conspiracy" (internal quotation marks omitted)); *Swinton v. City of N.Y.*, 785 F. Supp. 2d 3, 9 (E.D.N.Y. 2011) (finding that "the § 1983 conspiracy claims against the [assistant district attorneys] cannot survive, as even a conspiracy among prosecutors is shielded by absolute immunity" (internal quotation marks omitted)). Without any state actors with whom Patterson could have conspired to violate Plaintiff's civil rights, the Amended Complaint cannot state a § 1983 claim of conspiracy against Patterson.

[8] While "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once," *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (italics omitted); *see also McGee v. Pallito*, No. 10-CV-11, 2014 WL 360289, at *12 (D.Vt. Feb. 3, 2014) (noting that "[t]he Second Circuit has cautioned that district courts should not dismiss pro se complaints with prejudice without granting leave to amend *at least once*" (emphasis added) (italics omitted)), here the Court has already granted Plaintiff leave to amend, (*see* Dkt. No. 72). Moreover, "[t]he problem with [her] causes of action is substantive; better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). As discussed in detail above, it is clear from the Amended Complaint that Plaintiff does not have any possibility of asserting a plausible § 1983 claim because Patterson cannot be deemed a state actor. Where any amendment to the complaint would clearly be futile, dismissal without leave to re-plead is appropriate. *See Wilson v. Wilson-Polson*, No. 09-CV-9810, 2010 WL 3733935, at *10 (S.D.N.Y. Sept. 23, 2010) (finding leave to amend unwarranted because the plaintiff could not allege state action under § 1983); *Contes v. City of N.Y.*, No. 99-CV-1597, 1999 WL 500140, at *11 (S.D.N.Y. July 14, 1999) (finding leave to replead "futile" because, "[w]ithout state action, which is lacking here, [the plaintiff] cannot prevail on a claim pursuant to § 1983").

11